R. E. Lane *v.* F. W. Keith.

## R. E. LANE *v.* F. W. KEITH.

1. SHERIFF. *Motion against. Notice.* Where a motion is made against a sheriff for failing to return an execution sent to him from another county, he is only entitled to notice, when he is sought to be made liable on the certificate of the Clerk, that he *mailed* the process to the Sheriff. Therefore, where the process is *delivered* to the Sheriff, he will not be entitled to such notice.

   Code construed, §§ 3585-7, 3598-9; see also 1 Baxter, Reese *v.* Creson, 458.
2. SAME. *Same. Facts recited in judgment.* Where, upon the face of the judgment, it appears, by the *certificate of the Clerk*, that the execution was mailed, then the fact of notice must be shown, or the judgment will be void for want of jurisdiction.
3. SAME. *Practice. Surety, may recover. When.* A surety on an official bond, who has paid money for his principal as such, may recover the same in an action for money paid to his use.
4. JUDGE'S CHARGE. *Presumption as to.* If the bill of exceptions fails to set out the Judge's charge, but states " that among other things unexcepted to, he charged the jury as follows," the Supreme Court is bound to presume he charged the law correctly.

---

FROM LINCOLN.

---

Appeal from the Circuit Court. W. P. HICKERSON, Judge.

No brief appears for Lane.

LAMB & TILLMAN for Keith.

FREEMAN, J., delivered the opinion of the Court.

Plaintiff sued defendant for money paid to use of defendant.

The facts are that Keith was elected Sheriff of

Lincoln County, at the March Term, 1868, but did not give bond until the 3d day of June, 1868, when complainant became one of his sureties. In July, 1868, a judgment was rendered in favor of Charles L. Reese, against one Gregory, for about $2,000, in the Circuit Court of Franklin County, on which an execution was issued the 29th of July, 1868, and sent to the Sheriff, and by him received. At the November Term, 1868, a motion was made against Keith and sureties on his official bond, for failure to return this execution, it being the return term of the same, and judgment rendered. On this judgment an execution was issued, and sent to the Coroner of Lincoln County, who levied the same on plaintiff's property, and sold it to satisfy the same. Thereupon this suit is brought to recover the money so paid by the security.

It is first insisted that the judgment is void on its face, and, therefore, the execution a nullity, under which the property was sold and the payment made, and that as a consequence the plaintiff can not recover.

Was the judgment void, because it does not show on its face that the Sheriff had notice of the motion, he residing in another county than the one from which the execution was issued? If the law required notice to be given him, and he did not waive it by appearance, it would certainly, under our decisions, be void as to the party entitled to the notice. There was no appearance in the case. Section 3585

R. E. Lane *v.* F. W. Keith.

of the Code, Art. 1 of chapter on summary proceedings, provides that "no notice of motion is required, if made at the return term of the process in a Court of Record, where the cause of motion is official delinquency, or within six months after the right to the motion has accrued in any other." This is plain and clear. In the next article of the same chapter, however, it is provided in substance, by Section 3598, that on trial of the motion, a copy of the execution, certified by the Clerk, with the return, or a statement of the want of a return, and certificate that the execution was received by the Sheriff, or sent by mail, is evidence of the facts certified, and the next section provides "so also the certificate as aforesaid;" that the execution was sent to the officer by mail, will be *prima facie* evidence that the writ was received by the officer, unless he states under oath in writing that he never received the writ. In such case, the officer shall have notice of the motion.

It can not fairly be conceived that the Legislature intended to require the notice to be given, after the officer had appeared and denied under oath in writing the receipt of the writ. We therefore conclude that the true construction to be given to these sections, when taken together is, that in all cases where the receipt of the writ is to be shown by the certificate of the Clerk, as provided for, then the notice must be given, in order to enable the Sheriff to meet the *prima facie* case, by the denial authorized by the statute. If the case is to be made out by other

evidence, such as the receipt of the Sheriff or his deputy, then no notice is required, but only proof in the usual way of the execution of the receipt. Such seems to be the true meaning of the Code on this subject.

Testing the judgment in this record by this rule, we find nothing on its face to show that they were shown to have been sent by mail, by the certificate of the Clerk. On the contrary, the judgment shows on its face that "said execution was delivered to said Sheriff on the 20th day of October, 1868, and that he had failed to return it." We can not infer that it was sent by mail. If it had been shown in the face of the judgment, that it appeared by certificate of the Clerk, that it had been sent to him by mail, then the fact of notice of the motion for length of time, as required by Section 3587 of the Code, would have to be shown also, or the judgment must be void for want of jurisdiction in the Court to render it. No such fact appearing, the judgment is not void, but is valid on its face, and the argument of counsel for plaintiff fails on this question.

The simple question then presented is, as to whether a surety who has paid a liability by judgment growing out of his bond as surety of an officer, can recover the money back from his principal, in an action for money paid out to his use. On this question we think there can be no doubt, and the judgment of the Circuit Court is correct, so far as this judgment is concerned. There is another case

It is proper to remark that we find a copy of a judgment in favor of B. and H. Douglass, with executions issued on the same in one, or, perhaps, both cases.   It is insisted that the judgments are void on their face, because they show the executions were issued and delivered to the Sheriff in April, when he only gave his bond as Sheriff in June, 1868.   Objection was made to the admissibility of the record of both judgments, the one in favor of Reese, as well as the Douglass judgment.   We find, however, his Honor charged the jury only as to the Reese judgment in the record, it being stated that, among other things unexcepted to, he charged the jury as follows.   We are bound to presume that he charged the law correctly, as to this judgment, especially, as no request is found to charge on the subject in the record.   We can not presume that he erred, when it does not appear what he did.

The case must be affirmed.