NicholsoN, C. J.,
delivered the opinion of the court.
Sturges sued the Jackson Insurance Company in the Law Court of Memphis as - drawer of the following bill of exchange or bank check:—
"Memphis, March 3d, 1862. $1,000. Jackson Insurance Company. No. 8,273..
"In bankable funds, pay to the order of E. A. Sturges one thousand dollars.
I. B. Kirtland, Pres. Mess. Jno. Wood & Co., New Orleans.”
Kirtland was president of the Jackson Insurance Company, a banking institution at Memphis, and Jno. Wood & Co. were bankers in New Orleans.
In some counts in the declaration the instrument sued on is called a bill of exchange; in others a bank check, or order for the payment of money.
*341 The instrument w^s presented for payment to Jno. Wood at New New Orleans, on the 2nd of November, •1865, and, then and there the same was protested for non-payment.
A certified copy of the protest, authenticated ae- ■ cording to the act of Congress of March 27, 1804, was admitted as evidence on the trial, contrary to the objection of the defendants. The notices of protest were sent by letter, dated on the day of the protest and addressed to Sturgis at Memphis, enclosing the notice for Sturgis and Kirtland and mailed the 3rd of •November, 1865.
As the copies of the books of the Notary Public were authenticated in pursuance of the act of Congress, they were properly admitted as evidence.
A recovery was resisted by the defendant in the action, upon the ground that the draft was not presented to the drawers for payment within the reasonable time required by law, whereby it was insisted ' that the drawer was released. The plaintiff below introduced evidence to show that the delay in presenting the draft for payment was excusable on account ■of the condition of the country resulting from the war. The defendant introduced evidence to show that the plaintiff had failed to use reasonable diligence in the presentation of the draft.
Upon the charge of the Circuit Judge, the jury found a verdict for the plaintiff. • A new trial is insisted on by the defendant for alleged errors in the ■charge of the court.
The defendant has been content to bring to this *342 court only a portion of the charge. The bill of exceptions commences: — “ The court charged the jury, among other things not excepted to, etc.” , Of course every presumption is to be made in favor of the correctness of so much of the charge as the defendant has not excepted to. Nor will it do to allow the-Circuit Judge to be put in error where only a portion-of his charge is brought up, if we can fairly presume that, were the whole charge before ns, it would remove-the apparent error in that portion brought up.
The defendant excepts because the Circuit Judge declined, at his request, “to tell the jury, as a matter of law, what would have been reasonable diligence in the presentment of the dfaft sued on for payment, and in the giving of the notice of protest, as applicable to the facts of the case as they appeared in evidence.” The court declined to do so upon the ground that the jury had already been charged as to what constituted due diligence, and that it was the duty of the jury to apply the principles of the law so charged to the facts of the particular case.
We have seen that so much of the charge as was' not excepted to was omitted, and not brought up in the bill of exceptions; and we now see that when the court was asked to tell the jury what would have been reasonable diligence, he declined because he had already charged on that subject. The presumption is, that the Judge had charged correctly as to what constituted reasonable diligence, otherwise the defendant would have excepted, and brought up the charge upon this point.
*343 If the court had charged on the subject, it was clearly not error in him to. decline to repeat what he had already, and, as we are bound to presume, correctly, charged.
It is true, that upon a state of facts not controverted, it would have been the business of the court to determine whether they constituted reasonable diligence or not; but when the facts are disputed, and the testimony conflicting, as in this case, the court can do no more than state the general principles of law applicable to the case, and leave the jury to apply them to what they may determine to be the facts. Now this is just what we understand the Judge to have done.
It is assigned for error, that the Judge refused to charge the jury when requested, that if the plaintiff, after the obstructions produced by the capture of New Orleans, sent the draft to Memphis, instead of to New Orleans where the drawer lived, this was not the exercise of ordinary diligence.
In view of the evidence in the ease as to the difficulty and danger of travel from the plaintiff’s residence in Waco, in Texas, to New Orleans, it would have been error in the Judge to assume that it was want of diligence to send the draft to Memphis instead of directly to New Orleans.
We are bound to presume that, as the facts were controverted, they were left to the jury with proper instructions as to the law. As already stated, we cannot hold that the Judge was in error without having before us his charge as it was given to the jury, *344 and especially when it is admitted that the portion of the charge omitted was not objectionable.
But if the instrument sued on was a bank check, as we hold it to be, then the proof shows that' Wood & Go. were insolvent before the war closed, and therefore the drawer suffered no injury by the failure to present the check after the insolvency of the drawees had occurred. As has been held by this court, the insolvency of the drawees rendered it unnecessary for the holder of the check to present it for payment after that time. Planters’ Bank v. Merritt, 7 Heis., 177; Planters’ Bank v. Keesee, Ib. 200.
We are therefore constrained to hold that there is no error for which the judgment can be reversed.