James BENNETT and Peggy Bennett, individually and as parents and next friend of Brian Bennett, Plaintiffs-Appellants,

v.

James Douglas SANDERS and Max Bennett, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

July 11, 1984.

Rehearing Denied Sept. 6, 1984.

Permission to Appeal Denied by Supreme Court Nov. 19, 1984.

D.D. Maddox, Maddox, Ivey and Parish, Huntingdon, for plaintiffs-appellants.

Charles T. Trotter, Huntingdon, for defendants-appellees.

MATHERNE, Retired Judge:

While returning home from taking a load of hogs to market, the pickup truck of the defendant Max Bennett collided with the automobile of the defendant James Douglas Sanders resulting in personal injuries to the plaintiffs James Bennett and Brian Bennett who were riding in the pickup owned and driven by Max Bennett. The plaintiffs sued James Douglas Sanders and Max Bennett. The jury held in favor of the defendant James Douglas Sanders, which verdict was approved by the trial judge.

On appeal the only issue attempted to be raised is whether the trial judge erred in submitting to the jury the issue of whether Max Bennett and James Bennett were on a joint venture while marketing the hogs, thereby making any negligence of the driver Max Bennett imputable to the plaintiff James Bennett.

James Bennett is the son of Max Bennett and the father of Brian Bennett, a six-year-old minor. Max Bennett was a farmer and James Bennett worked for an electric cooperative and farmed part-time. The Bennetts did not farm together, but they did exchange work and equipment as needed. On the day of the incident, Max Bennett had loaded five hogs in a trailer which he pulled with his pick-up truck. He then telephoned his son James Bennett and asked if James and Brian wished to ride with him to Huntingdon to sell the hogs. It was agreed that James and Brian would

make the trip. When his father arrived James Bennett told him that he, James, had two hogs ready for market and asked to put them in the trailer with the other hogs. This was done, and the hogs were transported to market. James Bennett received the proceeds from the two hogs and Max Bennett received the proceeds from his five hogs. James Bennett did not pay Max Bennett any amount for hauling his two hogs to market, neither did he pay any expense of the trip. The evidence establishes that Max Bennett chose the route of travel to and from the market, he did all the driving and apparently exercised complete control of the vehicle. Upon returning from the market Max Bennett decided that he would first go to his house, unhook the trailer, and then take James and Brian to their home. At a point inside the city limits of McKenzie, Tennessee, Max Bennett was driving along Highway 22 and while attempting to make a left turn into Kencindot Road his pick-up, with trailer attached, was struck by the Sanders vehicle which was being driven in the opposite direction along Highway 22.

The plaintiffs James Bennett and Peggy Bennett as parents and next friends of Brian Bennett sue for damages due Brian Bennett for personal injuries. James Bennett sues for damages due to personal injuries and medical expenses for himself and his son Brian. Peggy Bennett sues for damages due to loss of consortium which cause is derivitive to the claim of James Bennett and will not be separately discussed but included in all references to the plaintiff James Bennett. The plaintiffs allege common law negligence on the part of James Douglass Sanders and also the violation of various state statutes and municipal ordinances.

The defendant Sanders by answer denied all material allegations of the complaint, and as positive defenses alleged that James Bennett was guilty of proximate contributory negligence wherein he failed to warn Max Bennett of the approach of the Sanders vehicle; that James Bennett, Max Bennett and Brian Bennett were at the time engaged in a joint enterprise so that the negligence of Max Bennett is imputed to James Bennett and Brian Bennett; and sought relief under the doctrine of sudden emergency. By cross-complaint the defendant Sanders averred that as result of the negligence of Max Bennett he sustained personal injuries, property damages to his automobile, loss of services of his wife who was a passenger in his automobile and injured in the wreck, and for medical expenses. The cross-complaint also alleged that Max Bennett violated various state statutes and municipal ordinances. In a separate lawsuit, Shelby Jean Sanders, wife of James Douglas Sanders, sued Max Bennett for damages due to personal injuries, which cause was consolidated with this lawsuit for trial.

Only the testimony of Max Bennett and James Bennett is before this court. The transcript of the evidence was apparently so restricted because the only issue attempted to be raised is the propriety of the trial judge charging the jury as to the law of joint venture. The trial judge filed a statement in the record that the only testimony on that issue was that of these two witnesses. We also note that the original charge of the trial court is not in the record before this court.

▆ We first assume that the trial judge correctly charged all theories of all parties because when the original charge is not included in the record the presumption is that the trial court charged fully and correctly. *Lane v. Keith*, (1872) 61 Tenn. 189; *Jackson Insurance Co. v. Sturges*, (1873) 59 Tenn. 339; *Railway Companies v. Foster*, (1890) 88 Tenn. 671, 13 S.W. 694.

▆ We hold that a six-year-old child, as a matter of law, has no capacity to enter into an agreement of joint venture involving the hauling of livestock in a trailer being pulled by a pickup truck owned by his alleged coadventurer. Under the rule heretofore stated, we hold that the trial judge charged the jury that the issue of joint venture would involve only Max Bennett and James Bennett. Therefore, the jury could not have found that six-year-old

Brian Bennett was a coadventurer of Max Bennett and James Bennett and held against him under that theory.

In considering the defense of proximate contributory negligence, we note that the defendant Sanders made that allegation against only the plaintiff James Bennett. That allegation was not made against the minor plaintiff. We, therefore, conclude that the jury, under a proper charge by the trial court, did not find Brian Bennett guilty of contributory negligence and hold against him for that reason.

 Therefore, under the record, we must conclude that the jury held for the defendant Sanders and against all three plaintiffs on the ground that the defendant Sanders was not guilty of any allegation of the complaint. There is, under the record, no other ground upon which the jury could have held against the six-year-old plaintiff, Brian Bennett. With that holding established, the parties have no standing to appeal to this court the issue of whether the trial judge should have charged the jury on the law of joint venture. That theory had no bearing on the finding of the jury that the defendant Sanders was free of fault in the matter.

There are other parties to this lawsuit and another lawsuit involved in the trial court. We have no knowledge of the status of those parties and that lawsuit, and we make no comment thereon. Under this record, any opinion we might render on the issue of joint enterprise would be advisory only, which action this court does not take.

This appeal is dismissed. The cost in this court is adjudged against the appellants for which execution may issue, if necessary.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.

### ON PETITION TO REHEAR

MATHERNE, Retired Judge.

The appellants James Bennett and Peggy Bennett by Petition to Rehear insist that this court erroneously held that the jury found in favor of the defendant James Douglas Sanders and against the individual plaintiffs, including the minor plaintiff, Brian Bennett. The basis for this argument is that Brian Bennett was not a party to the lawsuit as submitted to the jury.

In support of their petition, the plaintiffs allege that on July 1, 1981, a Joint Petition to Compromise a Minor's Claim was filed in this cause asking for court approval of a settlement of the claims of the minor, Brian Bennett. They further allege that a Release Agreement was signed by the parents of the minor, and that the settlement was approved by an order of the court. The plaintiffs filed with this petition what they say are copies of the petition for settlement, the release agreement, and the order approving the settlement.

An examination of these documents reveals that settlement was affected as to the claims of the minor, Brian Bennett, as against Max Bennett only. There was no settlement shown as to the claims of Brian Bennett against the defendant James Douglas Sanders. Accepting the documents for what they purport to be, we adhere to our previous ruling that, under the record, the jury found in favor of the defendant James Douglas Sanders as against all plaintiffs, including the minor, Brian Bennett.

The petition to rehear is denied at the cost of the appellants.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.