JOHN A. BEALAFELT, Plaintiff in Error v. GEORGE L. HICKS, Defendant in Error.

Middle Section. December 6, 1930.

Petition for Certiorari denied by Supreme Court, March 14, 1931.

John H. Lechleiter, of Nashville, for plaintiff in error.
B. H. Hagey, of Nashville, for defendant in error.

JOSEPH HIGGINS, Sp. J.  This was an action brought by Hicks and wife against plaintiff in error for damages which they claimed to have sustained in consequence of a breach of contract and warranty respecting a furnace in an apartment sold by plaintiffs in error to Hicks and wife in February, 1927.

There was a plea of not guilty.

Upon a trial before the court and a jury there was a verdict for $633.25.

Plaintiffs in error made a motion for new trial upon various grounds to be hereinafter stated. This motion was overruled and thereupon the movants appealed in error to this court.

In the first specification of error it is urged that there is no evidence to support the verdict rendered by the jury. It is contended hereunder that there is no material evidence tending to show that the boiler of the apartment house, the subject of the contract, was not in first class condition when sold and had not been "doped." It is conceded that plaintiffs in error entered into a contract at the time of the sale to defendants in error of the apartment in substance that the owner guaranteed the furnace to be in first class condition and that it had not been "doped."

One of the defendants in error testified that early in the fall of 1927 the furnace began to leak, and another one said that there was an appearance of "doping." While the evidence is not very cogent and while we must get at the question by inferences as to the condition of the furnace at the time of the trade, we are yet unable to say that there is no material determinative evidence sustaining the allegations of the declaration. There is no dispute but that the boiler did explode and cause damage. It is urged by plaintiffs in error that the cracks were fresh and hence that they have no evidentiary value as showing defective condition at the

time of the trade. As against this the defendants in error have a witness stating that for some months the boiler had not been functioning properly and had been leaking and that there were evidences that it had been doped.

It is also urged that the recovery must be sustained, if at all, upon a supplementary agreement made some twenty-five or thirty days after the original contract, and that this was without consideration. This agreement was in short that plaintiffs in error obligated themselves to have the furnace in the apartment gone over thoroughly and put in first class condition as soon as the fires were over and that this promise was made pursuant to a contract executed in the previous January. It is urged that this was without consideration.

It does not matter how this agreement may be considered, whether as an independent contract or as merely supplementary. It is not any different with respect to the main subject of the original obligation. In the first contract the guaranty was that the furnace was in first class condition and had not been doped. This instrument here merely obligates them to have the furnace gone over and put into first class condition.

A close examination of the charge of his Honor will bring to view the fact that he did not submit to the jury the promissory obligation of the supplemental agreement, but set forth the provisions of the first contract as the basis of the action.

We must therefore overrule the first assignment of error.

The second assignment of error to the effect that the evidence preponderates against the verdict must be disregarded for the reason that it presents a question to be disposed of by the trial judge and not by this court.

We likewise overrule the third assignment that the verdict is contrary to the law and the evidence for the reason that it is the equivalent in legal effect of the first assignment.

In the fourth and chief assignment it is insisted that the court was in error in charging the jury in substance that if they found in favor of plaintiffs their verdict should be $633.25. It is urged that this was in effect a determination of the amount of damages and that this was arbitrarily done by the Circuit Judge; that there was no obligation to pay the costs of a new furnace and that this sum did not in any way bear relation to or express the real measure of damages.

It is true that an old furnace is not worth as much as a new one. It is also true that there was no obligation on the part of plaintiffs in error to install a new furnace. It is likewise singular that the court should name a specific sum to be returned by a jury in a case of unliquidated damages. But notwithstanding all these peculiar

phases of this controversy, we are constrained to the view that plaintiffs in error are estopped to rely upon the matter of this fourth assignment.

Plaintiffs below undertook to show, without objection, that because of the explosion the old furnace was rendered wholly useless, necessitating the installing of a new one at the cost of $633.25. It developed during the giving of the testimony of a witness respecting the items of expense that he was unable to state the exact cost and that thereupon learned and frank counsel for plaintiffs in error acquiesced in the statement made by Hicks at the time that the bill for repairs or cost was this sum of $633.25. The trial then proceeded. We repeat that we do not find that at this time or any other stage of the cause, until the making of the motion for a new trial, there was interposed an objection to the stating of this sum, but certainly there was no protest or effort made to set the court right respecting the amount.

It is urged by defendants in error that the conduct of plaintiffs in error amounted to an admission and stipulation that the cost of installing a new furnace was the correct measure of damages and that the court had the right to assume that this was agreed upon, and that he was allowed to act upon the assumption that the sum named would be the recovery if the issues should be found in favor of plaintiffs below.

Indulging the presumption as we are required to do, that the trial judge did not commit error and that the burden is on the appellant to show that the court did commit error, we are constrained to coincide with the views of defendants in error to the effect that there was an acquiescence in the assumptions made by the trial judge and that this was a waiver of the right subsequently to criticise the position taken by the judge in his instructions.

It is singular that this unusual statement and assumption by the Circuit Judge went unchallenged at the time. The only reasonable deduction is that the battle was waged, not on the question of the amount, but on the right to a recovery of anything.

The doctrine of estoppel underlies all branches of jurisprudence. Particularly is it operative and effective in matters of procedure and clearly so with respect to the taking of steps in the trial of a cause. One of the rules derived from these principles is that if the attorney representing a litigant stands by and permits the court to assume a certain attitude or state a certain theory or contention known to the attorney to be incorrect, it is his duty to direct the attention of the court to his wrongful position or assumptions. This is peculiarly applicable to instructions delivered by the Judge to the jury. The practice now is for attorneys by

appropriate special request or by some other method, to inform the court that he is pursuing a mistaken theory or that he is making manifest misstatements of fact. There can be no disputing the proposition that in situations such as these the parties affected should speak out and that they should be held estopped to complain about an error which was one likely to occur and one which could have been so easily corrected. See Hosiery Mills v. Napper, 124 Tenn., 155; Nashville v. Patton, 2 Higgins, 515. This should be classed as an invited or permitted or sanctioned error. It is well established that such steps cannot be made the basis of an assignment of error in the absence of timely efforts to correct.

It is urged in the fifth assignment that the court erred in stating the theory of plaintiffs below and in disregarding the legal measure of damages. It is urged here again that the measure of damages was the difference between the furnace that was the subject of the sale in a first class condition and the cost of restoration or rather the difference between a good furnace and a defective furnace of the age of this one. This unquestionably was and is the correct measure of damages. But we feel impelled to decline to reverse the case for the reasons urged in disposing of assignment number four.

It is insisted in assignment number six that the verdict of the jury is so excessive as to indicate passion, prejudice and caprice. This assignment must be overruled, not only for the reasons urged in disposing of number four, but also because the record furnishes this court no light or guide by which to determine whether this verdict is excessive. There is no evidence as to what an old boiler is worth or as to the cost of its restoration to usable condition; and there is nothing by which to arrive at any conclusion as to how much plaintiffs below should have. Hence the bases on which courts must weigh this issue are entirely absent. With respect to the amount other than that named by the court, we are left wholly in the dark. This may result in awarding plaintiffs below a greater sum than that to which they are entitled, but the record is not in such condition as that we can measure the amount and say that any particular sum is just or unjust.

It results that the judgment of the lower court must be affirmed. Plaintiffs in error will pay the costs of the lower court and of this court.

Crownover and DeWitt, JJ., concur.