# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**Nov. 17, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

EARL L. FOX,                                    )
                                                )
    Plaintiff/Appellant,                        )
                                                )        Davidson Chancery
                                                )        No. 94-2505-III
VS.                                             )
                                                )        Appeal No.
                                                )        01-A-01-9506-CH-00263
TENNESSEE BOARD OF PAROLES,                     )
                                                )
    Defendant/Appellee.                          )


### APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### THE HONORABLE ROBERT S. BRANDT, CHANCELLOR


For the Plaintiff/Appellant:                    For the Defendant/Appellee:

Earl L. Fox                                     Charles W. Burson
Pro Se                                          Attorney General and Reporter

                                                Patricia C. Kussmann
                                                Nashville, Tennessee


## AFFIRMED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves the denial of parole to an inmate serving a twenty-year sentence for aggravated rape. The inmate filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County challenging the Tennessee Board of Parole's decision. The trial court granted the board's motion to dismiss. We affirm the dismissal because the inmate's petition fails to state a claim upon which relief can be granted. A common-law writ of certiorari cannot be used to review the intrinsic correctness of the parole board's decision.

## I.

Earl Lee Fox committed a brutal rape on October 30, 1984. His victim came to his residence looking for her grandmother. She attempted to leave after learning that her grandmother no longer lived there, but Mr. Fox forced her into the house, threw her onto a bed, and used a machete to force her into submission. The victim later escaped and ran to a local security office for help.

In July 1985, a criminal court jury in Knox County found Mr. Fox guilty of aggravated rape, an offense classified as a Class X crime at the time.[1] The criminal court judge later sentenced Mr. Fox to serve twenty years in the state penitentiary. The Court of Criminal Appeals affirmed the conviction, and the Tennessee Supreme Court denied his application for permission to appeal. *State v. Fox*, 733 S.W.2d 116 (Tenn. Crim. App. 1987). Mr. Fox is presently incarcerated in the Carter County Work Camp.

Mr. Fox had a parole hearing on July 5, 1994. Thereafter, one board member commented that he was a "very violent person." On July 13, 1994, Mr. Fox received notice that the entire board had declined to parole him. After exhausting his administrative appeals, Mr. Fox filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County. The parole board responded with a Tenn. R. Civ. P. 12.02(1) motion to dismiss for lack of subject matter jurisdiction. The trial court dismissed the petition because Mr. Fox was

---

[1] Tenn. Code Ann. § 39-1-702(3) (repealed 1989).

seeking relief beyond that available under a common-law writ of certiorari. Mr. Fox has perfected this appeal.

## II.

We turn first to the basis of the parole board's motion to dismiss. The board asserted that the trial court lacked subject matter jurisdiction over Mr. Fox's petition because it challenged the intrinsic correctness of its decision to deny him parole. The board's reliance on Tenn. R. Civ. P. 12.02(1) was misplaced.

The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989).

Tenn. Code Ann. § 27-8-104(a) (1980) empowers circuit courts to issue common-law writs of certiorari "in all civil cases . . . from any inferior jurisdiction." With several exceptions not applicable here, Tenn. Code Ann. § 16-11-102(a) (1994) imbues chancery courts with concurrent jurisdiction over the civil causes of action triable in circuit court. Accordingly, the board's reliance on Tenn. R. Civ. P. 12.02(1) was not well-taken because the trial court had subject matter jurisdiction to entertain petitions for common-law writs of certiorari such as the one filed by Mr. Fox in this case.

## III.

The erroneous reference to Tenn. R. Civ. P. 12.02(1) in the parole board's motion to dismiss does not necessarily undermine the correctness of the trial court's disposition of Mr. Fox's petition. The basis of the board's motion and of

the trial court's order was that a common-law writ of certiorari could not be used to review the intrinsic correctness of the board's decision. This reasoning is more consistent with a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim than it is to a Tenn. R. Civ. P. 12.02(1) motion to dismiss for lack of subject matter jurisdiction.

Since we construe motions in light of their substance, *Bemis Co. v. Hines*, 585 S.W.2d 574, 576 (Tenn. 1979); *Pickard v. Ferrell*, 45 Tenn. App. 460, 471, 325 S.W.2d 288, 292-93 (1959), we will construe both the motion and the order dismissing the petition as if they were based on Tenn. R. Civ. P. 12.02(6). Thus, we will review the dismissal of Mr. Fox's petition using the standards applicable to motions to dismiss for failure to state a claim upon which relief can be granted.

A Tenn. R. Civ. P. 12.02(6) motion tests a complaint's sufficiency. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). A complaint should be dismissed only when it contains no set of facts that would entitle the plaintiff to relief. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984). Thus, courts must take all well-pleaded allegations in the complaint as true and must construe the complaint liberally in favor of the plaintiff. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d at 938; *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992).

A common-law writ of certiorari provides a vehicle for reviewing the parole board's decisions. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 872-73 (Tenn. Ct. App. 1994); *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). The scope of review available pursuant to a common-law writ is, however, extremely narrow because courts may only review the proceedings to determine whether the board exceeded its jurisdiction or whether it acted illegally, fraudulently, or arbitrarily. *Yokley v. State*, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981). Thus, a common-law writ of certiorari permits a court to review the manner in which the board reached its decision but not to review the intrinsic correctness of the decision itself. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d at 873; *see also State ex rel. McMorrow v. Hunt*, 137 Tenn. 243, 250-51, 192 S.W. 931, 933 (1917).

We now turn to the question of whether Mr. Fox's petition states a claim for relief that can be granted under a common-law petition for writ of certiorari. The petition itself contains nothing but chronological information concerning Mr. Fox's conviction and the denial of parole. It does not explain how the board's decision was beyond its jurisdiction or how it was illegal, fraudulent, or arbitrary.

We apply less stringent standards to *pro se* pleadings than to pleadings prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176 (1980); *Haines v. Kernes*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975). However, even *pro se* litigants must satisfy applicable substantive and procedural requirements. While they cannot shift the burden of the litigation to the courts or to their adversaries, *pro se* litigants are entitled to the same liberality of construction of their pleadings that Tenn. R. Civ. P. 1, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

The adequacy of a complaint being challenged by a Tenn. R. Civ. P. 12.02(6) motion depends solely on the adequacy of the allegations in the complaint itself. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d at 938. If we were to limit our consideration to Mr. Fox's petition alone, we would find that it fails to pass muster because it states no claim at all. However, Mr. Fox expanded on the substance of his petition in his response to the parole board's motion to dismiss. We have determined that Mr. Fox's response should be treated as an amendment to his original petition.[2]

Mr. Fox's response to the parole board's motion demonstrates that his petition rests on the holding in *Mayes v. Trammell*, 751 F.2d 175, 179 (6th Cir. 1984) that inmates in Tennessee's prisons have a constitutionally protected liberty interest in being paroled. We have recently held, however, that the *Mayes v. Trammell* decision has only limited present value because of the intervening

---

[2]Tenn. R. Civ. P. 15.01 permits litigants to amend their pleadings "at any time before a responsive pleading is served" and also instructs the courts that "leave [to amend] shall be freely given when justice so requires."

changes in the parole board's regulations governing eligibility and consideration for parole. *Kaylor v. Bradley*, App. No. 01-A-01-9504-CH-00144, slip op. at 6-7, 20 T.A.M. 34-40 (Tenn. Ct. App. Aug. 4, 1995). Inmates in Tennessee no longer have a protected liberty interest in being paroled. *Wright v. Trammell*, 810 F.2d 589, 591 (6th Cir. 1987).

Even though Mr. Fox may not have a constitutional basis for his claim, he may be able to make out a claim for relief by demonstrating that the board failed to provide him with a right or benefit to which he was entitled under a state statute or regulation. We have examined Mr. Fox's original petition and his response to the parole board's motion to dismiss and find no factual allegation that would warrant relief under a common-law writ of certiorari.[3]

Giving his pleadings their most charitable construction, Mr. Fox appears to be taking issue with the denial of his parole on three grounds: (1) the board member's comment that he was a "very violent person"; (2) the failure to afford him an opportunity to challenge the constitutionality of statutory preconditions for his parole eligibility; and (3) the denial of an opportunity to present evidence on his own behalf. None of these reasons, even if true, entitle Mr. Fox to judicial relief.

Only the entire parole board has the authority to grant or deny parole. Tenn. Code Ann. § 40-28-116(a)(1) (Supp. 1995); Tenn. Code Ann. § 40-35-503(a) (Supp. 1995); Tenn. Comp. R. & Regs. r. 1100-1-1-.07(3)(d) (1985). Individual members cannot make these decisions on their own, and, therefore, the comment of an individual board member cannot be imputed to the entire board unless it is reflected in the board's decision. Mr. Fox did not allege that the entire board denied him parole solely because he was a "very violent person," even though he could very easily have done so since the board was required to provide him with written reasons for its decision. *See* Tenn. Comp. R. & Regs. r. 1100-1-1-

---

[3]Tenn. R. Civ. P. 8.01 requires all pleaders, including *pro se* plaintiffs, to include a "short and plain statement of their claim showing that the pleader is entitled to relief." Mr. Fox's brief in this court contains facts that were not included in his original petition or in his response to the board's motion to dismiss. We have not considered these facts because they were not properly presented to the trial court.

.07(3)(b), (e) (1985). Accordingly, Mr. Fox's challenge to the individual board member's comment failed to state a claim upon which relief could be granted.

The remaining two grounds for Mr. Fox's petition are equally ineffectual. He did not allege that he was denied parole because of the board's reliance on an unconstitutional statutory precondition to parole eligibility. Similarly, he did not allege that the evidence that he would have presented to the board did not duplicate the information already provided to the board in the comprehensive parole summary report prepared by the institutional authorities before every inmate's parole hearing. Tenn. Code Ann. § 40-28-106(e)(2) (Supp. 1995). Mr. Fox's conclusory allegations are insufficient to state a claim that the board acted arbitrarily by denying the benefits to which he is entitled by statute and regulation.

Reduced to its essence, Mr. Fox's petition takes issue with the correctness of the board member's comment that he is a "very violent person." In addition to failing to allege a connection between this comment and the boards's decision to deny him parole, Mr. Fox is doing nothing more than challenging the intrinsic correctness of the comment itself. This is beyond the scope of the remedies available through a common-law writ of certiorari.

## V.

We affirm the dismissal of Mr. Fox's petition for failure to state a claim upon which relief can be granted and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Earl Lee Fox for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.


_____
SAMUEL L. LEWIS, JUDGE