# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

April 11, 1997

Cecil W. Crowson
Appellate Court Clerk

PAUL GLEN DRAPER, )
)
    Plaintiff/Appellant, )
)   Davidson Circuit
)   No. 95C-3755
VS. )
)   Appeal No.
)   01A01-9609-CV-00394
CURT REAVER and )
RICHARD ALAN TACEY, JR., )
)
    Defendants/Appellees. )

### APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### THE HONORABLE MARIETTA M. SHIPLEY, JUDGE

For the Plaintiff/Appellant:

Joseph P. Rusnak
TUNE, ENTREKIN & WHITE
Nashville, Tennessee

For the Defendant/Appellee
Curt Reaver:

Bryan Essary
Joe W. Ellis, II
GIDEON & WISEMAN
Nashville, Tennessee

For the Defendant/Appellee
Richard Alan Tacey, Jr.:

Dennis E. Blevins
Nashville, Tennessee

## AFFIRMED IN PART; VACATED IN PART
## AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal stems from a three-vehicle collision on I-65 in Davidson County. One driver filed suit in the Circuit Court for Davidson County against his employer and the owners of the other two vehicles. The plaintiff later voluntarily dismissed his claims against his employer and moved to amend his complaint to add his employer as a plaintiff. The trial court denied the motion and granted summary judgments dismissing the plaintiff's claims against the owners of the other vehicles. The plaintiff asserts on this appeal that the trial court should have permitted him to amend his complaint and that the summary judgments would have been inappropriate had the trial court done so. While the trial court properly granted the summary judgments concerning the plaintiff's personal injury claims, it erred by dismissing the plaintiff's property damage claims. In order to avoid a multiplicity of suits, the trial court should have treated the plaintiff's motion to amend his complaint as a motion by the plaintiff's employer to intervene as of right pursuant to Tenn. Code Ann. § 50-6-112(c) (1991). Accordingly, we vacate the summary judgments in part and remand the case for further proceedings.

## I.

On October 22, 1994, Paul Draper was involved in a three-vehicle collision on I-65 in Nashville while attempting to assist a stranded pedestrian. On November 7, 1995, he filed suit in the Circuit Court for Davidson County against his employer, Pig Improvement Company, and the owners of the other two vehicles involved in the collision, Richard Alan Tacey, Jr. and Curt Reaver, seeking to recover for personal injury and damage to his personal property.

On February 8, 1996, Mr. Reaver moved for summary judgment asserting that Mr. Draper's claims were time-barred. While this motion was pending, Mr. Draper voluntarily dismissed his claims against Pig Improvement and moved to amend his complaint to add Pig Improvement as a plaintiff.[1] The trial court

---

[1] The purpose of the amendment was obviously to enable Pig Improvement to assert its subrogation rights under Tenn. Code Ann. § 50-6-112(c). In an affidavit supporting the motion
(continued...)

granted Mr. Reaver's motion for summary judgment before it heard Mr. Draper's motion to amend. Thereafter, Mr. Tacey filed a motion for summary judgment also asserting that Mr. Draper's claims against him were time-barred. The trial court consolidated both motions for hearing, and on June 20, 1996, entered an order granting Mr. Tacey's motion for summary judgment and denying Mr. Draper's motion to amend. This appeal followed.

## II.

We must first address a threshold question concerning the viability of this appeal. After Mr. Draper filed his brief, Messrs. Reaver and Tacey, relying on the Eastern Section's opinion in *Cobb v. Beier,* App. No. 03A01-9602-CV-00051, 1996 WL 375293 (Tenn. Ct. App. July 3, 1996), *perm. app. granted* (Tenn. Oct. 28, 1996), moved to dismiss the appeal because Mr. Draper had failed to file a copy of his notice of appeal with the clerk of the appellate court in accordance with Tenn. R. App. P. 5(a). We took these motions under advisement in October 1996 in anticipation that the Tennessee Supreme Court would address this question. Rather than delaying the disposition of this appeal, we have elected to proceed without the high court's guidance.

Throughout their eighteen-year life span, the Tennessee Rules of Appellate Procedure have not consistently required appellants to file a copy of the notice of appeal with the appellate court clerk. When the rules first became effective in 1979, Tenn. R. App. P. 5(a) required the appellant in a civil action to "serve a copy of the notice of appeal . . . on the clerk of the appellate court designated in the notice of appeal." The Tennessee Supreme Court removed the requirement in 1984 because it "accomplished no vital purpose, but instead resulted in a surplus of notices where the appeal was abandoned because of settlement or otherwise." Tenn. R. App. P. 5, cmt. to 1984 Amendment. In 1991, the Tennessee Supreme

---

[1](...continued)
to amend, Mr. Draper's lawyer explained that he had been retained to represent Pig Improvement "for the use and benefit of Continental Casualty Company." In addition to filing a motion to amend Mr. Draper's complaint, the lawyer also prepared and filed a separate suit wherein Pig Improvement asserted its subrogation claims against Messrs. Reaver and Tacey. The later dismissal of that suit is the subject of another appeal.

Court restored the language to Tenn. R. App. P. 5(a) that it had removed seven years earlier.

The 1991 amendment to Tenn. R. App. P. 5(a) had little noticeable effect on practice before the intermediate appellate courts. In fact, it passed largely without notice until the *Cobb v. Beier* decision. Within weeks after *Cobb v. Beier,* this court began to receive a steady stream of motions to dismiss appeals for failure to comply with the reincarnated requirement that the notice of appeal be filed with the clerk of the appellate court in addition to the trial court clerk. None of these motions contained a colorable showing of prejudice.

The Tennessee Supreme Court decided to review *Cobb v. Beier* and on January 23, 1997, entered an order amending Tenn. R. App. P. 5(a) to shift the obligation of filing the notice of appeal with the clerk of the appellate court from the appellant to the clerk of the trial court. The proposed advisory commission comment notes that "[s]ervice of a copy [of the notice of appeal] on the appellate clerk is not jurisdictional." This proposed rule, if adopted, effectively eliminates prospective difficulties caused by failing to file a copy of the notice of appeal with the appellate court clerk. The pending decision by the Tennessee Supreme Court will provide authoritative guidance for the cases that are currently pending on appeal.

The *Cobb v. Beier* decision is not the first time this court has addressed the consequences of failing to file a copy of a notice of appeal with the appellate court clerk. The Middle Section addressed this issue in 1984 in the context of the first reincarnation of the requirement and held that failing to file a copy of the notice of appeal with the clerk of the appellate court was not fatal to an appeal, as long as a timely notice of appeal had been filed with the clerk of the trial court and served on opposing counsel. *Holder v. Holder,* App. No. 84-117-II, slip op. at 4 (Tenn. Ct. App. Sept. 5, 1984) (no Tenn. R. App. P. 11 application filed). Recently, we cited *Holder v. Holder* as a basis for pretermitting the issue raised by the failure to file a notice of appeal with the clerk of the appellate court. *Venture Express, Inc. v. Raeford Trucking Co.,* App. No. 01A01-9608-CH-00352, 1997 WL 71813, at *1-2 (Tenn. Ct. App. Feb. 21, 1997).

The timely filing of a notice of appeal in a civil case is, without question, mandatory and jurisdictional. *First Nat'l Bank v. Goss,* 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995). Tenn. R. App. P. 4(a)'s requirement that the notice of appeal be filed within thirty days applies only to notices filed with the clerk of the trial court. Neither Tenn. R. App. P. 4 nor Tenn. R. App. P. 5 requires that the notice of appeal be filed with the clerk of the appellate court within any particular time. In the absence of such a requirement, we are reluctant to dismiss an appeal simply because an appellant delayed filing a notice of appeal with the clerk of the appellate court.

With deference to our Eastern Section colleagues, we adhere to our earlier *Holder v. Holder* decision. Mr. Draper prepared and filed a timely notice of appeal with the clerk of the trial court and served a copy of this notice of appeal on his adversaries. The record contains no colorable proof that Messrs. Reaver and Tacey were actually prejudiced by Mr. Draper's oversight. Accordingly, we invoke Tenn. R. App. P. 2 to relieve Mr. Draper from the requirement of filing a timely notice of appeal with the clerk of the appellate court.

## III.

This appeal involves a common occurrence - a person injured during the course of employment by the negligence of third-parties. Depending on the facts, these circumstances may give rise to several distinct claims against the negligent third-parties. The injured employee may seek to recover for his personal injuries and for the damage to his property. The employer of the injured employee may have a claim for damage to its personal property and may also have a derivative claim arising out of its employee's personal injuries. This derivative claim, commonly referred to as a subrogation claim, is not necessarily as broad as the employee's personal injury claim but rather is limited to the worker's compensation benefits paid to the employee. Tenn. Code Ann. § 50-6-112(c)(1); *Cross v. Pan Am World Servs., Inc.,* 749 S.W.2d 29, 30 (Tenn. 1987), *rev'd on other grounds*, 867 S.W.2d 312, 315 (Tenn. 1993); *Aetna Cas. & Sur. Co. v. Gilreath,* 625 S.W.2d 269, 273 (Tenn. 1981).

Different statutes of limitations apply to each of these claims. The employee must file his or her personal injury claims within one year from the date of injury. Tenn. Code Ann. § 50-6-112(d)(1) (1991); Tenn. Code Ann. § 28-3-104(a)(1) (Supp. 1996); *Craig v. R.R. Street & Co.,* 794 S.W.2d 351, 357-58 (Tenn. Ct. App. 1990). The employee and the employer must file their property damage claims within three years from the date that their property was damaged. Tenn. Code Ann. § 28-3-105(1) (Supp. 1996). Finally, if an employee does not file a personal injury claim, the employer must file its subrogation claim within eighteen months from the date of the employee's injury. Tenn. Code Ann. § 50-6-112(d)(2); *Craig v. R.R. Street & Co.*, 794 S.W.2d at 358.

A normal statute of limitations bars only the remedy, not the substantive right, *Watts v. Putnam County,* 525 S.W.2d 488, 492 (Tenn. 1975); *Pacific Eastern Corp. v. Gulf Life Holding Co.,* 902 S.W.2d 946, 955 (Tenn. Ct. App. 1995), but not so with an employee's claims against third-parties for personal injuries sustained during the course of employment. Employees who fail to file their personal injury action within one year from their injury not only lose their remedy but also their substantive claim. By operation of Tenn. Code Ann. § 50-6-112(d)(2), these personal injury claims are assigned to the employer one year after the employee's injury. *Craig v. R.R. Street & Co.,* 794 S.W.2d at 358.

## IV.
### DRAPER'S PERSONAL INJURY AND PROPERTY DAMAGE CLAIMS

We turn our attention first to Mr. Draper's personal injury and property damage claims. The trial court dismissed these claims on the ground that they were time-barred because Mr. Draper filed suit more than one year after he sustained the injuries. It is undisputed that Mr. Draper was injured on October 22, 1994 and that he filed suit on November 7, 1995. By the time Mr. Draper filed suit, not only had the one-year statute of limitations expired, but his personal injury claims had also passed by operation of law to Pig Improvement. Accordingly, the trial court was undoubtedly correct when it dismissed Mr. Draper's personal injury claims.

Mr. Draper's property damage claims do not meet the same fate because they are governed by the three-year, as opposed to the one-year, statute of limitations. Mr. Draper's suit was well within the three-year limitations period, and thus it is not time-barred. In addition, these claims could not have been assigned to Pig Improvement because Tenn. Code Ann. § 50-6-112(d)(2) does not apply to property damage claims. Accordingly, we hold that the trial court correctly dismissed Mr. Draper's personal injury claims but erred by dismissing his property damage claims.

## V.

### PIG IMPROVEMENT'S SUBROGATION CLAIMS

We now turn to Pig Improvement's subrogation claims. The maladroit efforts to assert these claims do not comply with the worker's compensation statute or the rules of civil procedure. Nonetheless, the trial court should have considered the substance rather than the form of the motion to amend the complaint and should have permitted Pig Improvement to intervene in this case rather than requiring it to file a separate suit.

The worker's compensation statutes permit employers to assert their subrogation claims in two ways. They may proceed in their own name or in the name of their employee. Tenn. Code Ann. § 50-6-112(d)(2). If they decide to proceed in their own name, they may either intervene in their employee's lawsuit, or they may file a separate suit in their own name. *Craig v. R.R. Street & Co.,* 794 S.W.2d at 358. For reasons not apparent in the record, Pig Improvement did not file a Tenn. R. Civ. P. 24.01 motion to intervene as of right. Instead, Mr. Draper filed a motion to amend his complaint to add Pig Improvement as a plaintiff.

The motion to amend was a poor procedural choice because the trial court had already determined that Mr. Draper's personal injury claims against Mr. Reaver were time-barred and because what remained of Mr. Draper's personal injury claims had already passed by operation of law to Pig Improvement. Nonetheless, the trial court should have construed the motion to amend in light of its substance rather than its form. *Bemis Co. v. Hines,* 585 S.W.2d 574, 576

(Tenn. 1979); *Pickard v. Ferrell,* 45 Tenn. App. 460, 471, 325 S.W.2d 288, 292-93 (1959). Since the same lawyer represented both Mr. Draper and Pig Improvement, the trial court should have treated the motion to amend the complaint as a motion to intervene and should have permitted Pig Improvement to assert its subrogation claim in the proceeding.

## VI.

We affirm the summary dismissal of Mr. Draper's personal injury claims but vacate the dismissal of his property damage claims. We also vacate the denial of the motion to amend and remand the case to the trial court with directions to enter an order permitting Pig Improvement to intervene in this case pursuant to Tenn. Code Ann. § 50-6-112(c) to pursue its subrogation rights. We tax the costs of this appeal in equal proportions to Paul Glen Draper and his surety and to Bryan Essary and Richard Alan Tacey, Jr. for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
SAMUEL L. LEWIS, JUDGE