IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**GARY L. NORMAN and
KATHRYN NORMAN,**

      Appellants,

Vs.

**VICKI LYNN PRATHER and
RAY PRATHER,**

      Appellees.

Shelby Circuit No. 55616
C.A. No. 02A01-9706-CV-00118

_____

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE ROBERT A. LANIER, JUDGE

William A. Cohn of Cordova
For Appellants

Michael L. Robb, Donna T. Snow of
Thomason, Hendrix, Harvey, Johnson &
Mitchell of Memphis, For Appellees

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

This case involves a vehicle/pedestrian collision.  Plaintiffs, Gary L. Norman and

Kathryn Norman[1], filed suit against defendants Vicki Lynn Prather and Ray Prather for personal injuries sustained by Gary L. Norman when he was struck by a vehicle driven by Vicki Lynn Prather and owned by Ray Prather. The complaint alleges that on June 8, 1993, plaintiff was a pedestrian crossing Central Avenue, north bound, when he was struck by the Prather vehicle proceeding westbound on Central Avenue. The complaint avers that plaintiff was in the turning lane of Central Avenue when he was struck and that Vicki Lynn Prather was operating her vehicle without proper care, failed to operate the vehicle in a reasonable and prudent manner and was operating the vehicle with reckless disregard for the rights and safety of others. The complaint also alleges that Vicki Prather violated the statutes of the State of Tennessee and Ordinances of the City of Memphis, all of which directly and proximately caused a collision and the resulting losses, injuries and damages claimed by plaintiff. Plaintiff further avers that Ray Prather was the owner of the automobile driven by Vicki Prather and that she was driving with his permission and in his service.

The defendants' answer denies the material allegations of negligence and the violation of statutes and ordinances. The defendants further aver that plaintiff was guilty of negligence which was the direct and proximate cause of the collision and affirmatively rely upon the doctrine of comparative fault. They aver that plaintiff was crossing at other than a cross walk and thus violated T.C.A. § 55-8-135. Defendant, Ray Prather, filed a counter claim against plaintiff to recover property damage to his vehicle.

At trial, plaintiff testified that he was crossing northbound on Central, that he had reached the left turn lane and had stopped to allow westbound traffic to proceed. While standing there, he was struck by plaintiff's vehicle. Plaintiff, on the other hand, testified that she was proceeding in a normal manner in the left hand lane when the plaintiff suddenly crossed in front of her. She thereupon swerved into the left turn lane and defendant darted into her path, striking the right front corner of her car. Witnesses testified that plaintiff stepped into the street without looking and was walking across the street with his head down, while other pedestrians were stopped and waiting for eastbound traffic to clear.

The jury returned its verdict assessing ninety percent proximate negligence to plaintiff,

---

[1]Kathryn Norman's suit is a derivative action for loss of services and consortium. The opinion will deal with the case as though Mr. Norman was the sole plaintiff.

Norman, and ten percent negligence to Vicki Prather. The jury further found no damages sustained by plaintiff and assessed damages sustained by Ray Prather at $2,000.00. They also found that the vehicle driven by Vicki Lynn Prather was not a family purpose automobile. The trial court entered judgment on the jury verdict for defendants as to the original complaint and awarded cross-plaintiff, Ray Prather, property damages in the amount of $1,800.00. Plaintiffs have appealed and present three issues for review, which, as stated in the brief, are:

> 1. Whether T.C.A. § 55-18-136 and T.C.A. § 55-8-135 requires a presumption that the pedestrian is no more than 49% liable in a vehicle pedestrian collision.

> 2. Whether the facts of the case support a jury verdict finding the plaintiff/pedestrian was more negligent than the defendant/driver.

> 3. Whether the Court erred in failing to allow proof that a statute exists governing speed in school zones.

We must first consider defendant's assertion that plaintiffs have waived the presentation of these issues for review. T.R.A.P. 3(e) provides in pertinent part:

> (e) **Initiation of appeal as of right**. An appeal as of right to the Supreme Court, Court of Appeals, or Court of Criminal Appeals shall be taken by timely filing a notice of appeal with the clerk of the trial court . . . . Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, *unless the same was specifically stated in a motion for a new trial*; otherwise such issues will be treated as waived.

T.R.A.P. 3(e) (emphasis added).

Plaintiffs' motion for a new trial states as follows:

> NOW COMES THE PLAINTIFF, and hereby requests that a new trial be granted. The grounds are that the jury found no negligence on the part of Plaintiff, but the statutes clearly place the burden on the Defendant;

> WHEREFORE, premises considered plaintiff prays that this Honorable Court grant the requested relief.

Plaintiffs' motion for a new trial is confusing at best because the jury did indeed find that the plaintiffs were ninety percent at fault. Although the motion for a new trial is deficient, we perceive from the argument in plaintiffs' brief that plaintiff is complaining that the trial court gave erroneous instructions to the jury or should have further instructed the jury concerning plaintiffs' interpretation of state statutes. In essence, plaintiffs assert that the applicable

provision of the Tennessee Code, when read together, create a presumption that anytime a vehicle is involved in a collision with a pedestrian, that the pedestrian is no more than 49% liable. The relevant provisions relied on provide as follows:

> **55-8-135. Crossing at other than crosswalks.** -- (a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.
>
> *        *        *        *
>
> (c) Between adjacent intersections at which traffic-control signals are in operation pedestrians shall not cross at any place except in a marked crosswalk.

T.C.A. § 55-8-135 (1993).

> **55-8-136. Drivers to exercise due care.** -- Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

T.C.A. § 55-8-136 (1993).

Mr. Norman, through counsel, argues that when the statutes are read together, the phrase "Notwithstanding the foregoing provisions" amounts to a legislative declaration that anytime there is a pedestrian/vehicle collision, the driver is presumed primarily at fault. Mr. Norman asserts that the jury should have been instructed that if the driver is determined to be negligent the jury cannot find that the driver is less than 51% responsible for the accident. Mr. Norman cites no authority for this proposition, and we doubt that any can be found.

The fundamental purpose of a court in interpreting a statute is to give effect to legislative intent. *Biddle v. Town of Farragut*, 646 S.W.2d 925 (Tenn. App. 1982). The meaning of a statute is to be determined, not from special words in a single sentence or section but from the statute taken as a whole and viewing the legislation in light of its general purposes. *Tidwell v. Servomation-Willoughby Co.*, 483 S.W.2d 98 (Tenn. 1972). The legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used when read in context of the entire statute and without any forced or subtle construction to limit import of the language. *City of Caryville v. Campbell County*, 660 S.W.2d 510 (Tenn. App. 1983). We believe the provisions of the statutes in question are clear and unambiguous in stating that notwithstanding the various rights and duties placed upon drivers and pedestrians by the "rules of the road," and notwithstanding that pedestrians not in crosswalks must yield the right-of-way to vehicles upon the roadway, drivers of vehicles on the roadway do not have a license to run

4

over pedestrians who are not following the rules.

By no liberal reading of plaintiffs' motion for a new trial could we include Issues 2 and 3. To allow plaintiffs' first issue to be included in the motion for a new trial is liberalism to the extreme. But even if we construe the motion to include the first issue, plaintiffs' appeal must fail for two reasons. First, plaintiffs are complaining that the trial court erroneously instructed the jury or did not give complete instructions to the jury. However, the record reflects that the jury charge is not included in the transcript. If the original charge to the jury is not included in the record, the presumption is that the trial court charged the jury fully and correctly. *Bennett v. Sanders*, 685 S.W.2d 1 (Tenn. App. 1984); *Pickard v. Ferrell*, 45 Tenn. App. 460, 325 S.W.2d 288 (1959). And, second, as heretofore noted, plaintiffs' interpretation of the statute is erroneous.

The judgment of the trial court is affirmed. The case is remanded to the trial court for such further proceedings as are necessary. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**

5