**BEMIS COMPANY, INC., Appellant,**

v.

**Henry HINES, Appellee.**

Supreme Court of Tennessee.

July 30, 1979.

Sidney W. Spragins, Spragins & Murchison, Jackson, for appellant.

George L. Morrison, Jackson, for appellee.

## OPINION

FONES, Justice.

Defendant appeals from a decree in a workmen's compensation case awarding fifteen percent permanent partial disability to the body as a whole.

Two issues are raised. First, defendant says the Chancellor erred in reopening the evidence, after a final decree dismissing the case, and permitting plaintiff to introduce additional evidence on the question of permanent disability. Second, that there was no competent medical evidence upon which to predicate an award of permanent disability.

### I.

A final judgment was entered in the trial court on November 9, 1976, which recited that plaintiff had been paid temporary total disability benefits through March 13, 1976, the date that maximum recovery was reached, according to the treating physician, that medical benefits had been paid and that there was no competent and substantial medical evidence of permanent disability, and therefore the suit was dismissed.

On December 7, 1976, plaintiff filed a written "Motion to Set Aside Decree and Restore the Cause to the Docket." Neither the title nor the format of the motion bears a striking resemblance to the usual motion for new trial. However, it is clearly ascertainable from a reading of the motion that, in substance, a new trial was sought on the single ground that the Court was in error in adjudging that there was no medical evidence of permanent disability. In fact, the motion attempts to point out affirmatively, in great detail, that Dr. Warmbrod, the treating physician, whose deposition was taken by defendant, and introduced into evidence by plaintiff, had actually given plaintiff a ten percent permanent partial disability rating.

After that motion was heard, the Chancellor entered an order reciting that the motion "should be treated as a petition to rehear" and should be granted on the question of "whether there is expert medical evidence that the plaintiff has experienced permanent disability." That order further provided that, "[T]he evidence at such hearing on behalf of plaintiff shall be limited to expert medical testimony which the defend-

ant shall have the opportunity to rebut by either expert or non-expert testimony." The rehearing was held, plaintiff introduced, as additional evidence, the deposition of Dr. R. J. Barnett, and defendant submitted no new evidence. Subsequently, the Chancellor entered a decree awarding fifteen percent permanent partial disability.

Defendant, in support of his first assignment of error, insists that the motion filed by plaintiff after the final decree of November 9, 1976, is "unknown under the rules of practice in this State"; that the only conceivable grounds upon which the trial court could have granted a petition to rehear and reopened the case for the reception of additional evidence on the question of permanent disability was that of newly discovered evidence, and that none of the prerequisites to invoke that ground were shown or were present in this case.

Perhaps there were those among the bench and bar of Tennessee who thought that with the adoption of Tennessee Rules of Civil Procedure, including Rule 59, that all motions in the circuit and chancery courts seeking to have the trial court reexamine errors of fact or law occurring during the trial, jury or non-jury, and the results reached, would thereafter be designated simply a motion for a new trial, replacing multiple other titles in use at the time, including petitions to rehear in chancery. But, perhaps because this Court has never expressly issued an edict to that unequivocal effect, variations in title and form, such as we have herein, continue. Thus, it seems appropriate in this workmen's compensation case to look to the substance rather than form.

As we have heretofore indicated, the motion filed by plaintiff on November 9, within thirty days of the final decree, contains sufficient substance to merit its designation as a motion for a new trial, on the single ground that the Court erred in failing to recognize that there was expert medical opinion introduced into the record that would justify an award of permanent partial disability.

■ It also appears to us that the Chancellor granted plaintiff's motion for a new trial, not on the ground of newly discovered evidence, but because a re-reading of Dr. Warmbrod's deposition convinced him that he had erred in holding that there was no expert medical evidence to support an award of permanent partial disability. We are entitled to indulge that assumption because Dr. Warmbrod's deposition did support an award of permanent partial disability. It is also significant to note that permanent partial disability was the only issue for adjudication at the first trial. We therefore overrule defendant's first assignment of error.

II.

On direct examination by defendant's lawyer, Dr. Warmbrod had testified that except for lumbro sacral muscle spasms that were tender to touch, he was unable to find any abnormality in the plaintiff and his persistent pain for many months was unusual for someone his age, eighteen; that he had had plenty of time to, and in his opinion had reached, maximum recovery on March 18, 1976. Also, the doctor thought that plaintiff may have had some "functional overlay" and depression that was impeding his recovery. He sent him to Dr. Bond, who did not testify.

Near the end of his direct examination he testified as follows:

"Q. Based upon your examination and treatment of Mr. Hines, do you have an opinion as to whether or not he has any permanent loss of physical function as a result of his injury?

A. I definitely know of no reason that he would have any permanent disability."

On cross examination he testified, in part, as follows:

"Q. Now, doctor, you say that he reached maximum recovery—what date in March did you say?

A. I do say that this was hard to say, but I dated it, I guessed, on the 18th of March, based on my findings and x-ray findings, I would have thought

that someone that suffered this injury would have achieved maximum benefit by this time.

Q. Well, then, was he—and you say he has no permanent disability?

A. Well, I was unable to demonstrate anything that would leave him any permanent disability.

Q. Well, all right, now, then when he reached maximum recovery in March, was he completely well?

A. He was still having some spasms and tightness of his lumbar sacral muscles.

Q. Well, do you consider that disability?

A. That's some disability, yes, sir.

Q. Percentage wise, how would you rate it anatomically? Then, you say there is some disability, what anatomical disability rating would you give it?

A. This gets into interpretation which I'm—you all are going to—may confuse me—I may be a little confused, slightly, but I did give him ten percent, based on the complaints of pain and the persistent muscle spasms which he had at that time.

. . . . .

Q. You had no doubt about his undergoing this pain he's complaining of, did you?

A. No—he, he was having pain, yes sir, no, I had no doubt about it."

Thus, in spite of his testimony that he did not know of any reason that plaintiff would have any permanent disability, he gave plaintiff a ten percent disability based upon complaints of pain, of which he had no doubt, and the persistent muscle spasms. We are of the opinion that Dr. Warmbrod's testimony, as the treating physician, was adequate to support an award by the trial judge of permanent disability. Of course, it is settled law that this Court cannot disturb the trial judge's award if there is any material evidence to support it.

We find it unnecessary to discuss the question of whether Dr. Barnett's medical opinion was incompetent to support an award because of defendant's contention that he was not a treating physician and that his opinion was based entirely on subjective complaints. But, see T.C.A. § 24-718 and *Combustion Engineering, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn.1978).

The decree of the Chancellor is affirmed, costs are adjudged against defendant.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.