IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 14, 2007

**STATE OF TENNESSEE EX REL. HARRIETT TURNER**
**v.**
**NAPOLEON BRYANT**

**An Appeal from the Juvenile Court for Shelby County**
**No. A4071     George E Blancett, Sp. Judge**

---

**No. W2006-01463-COA-R3-JV - Filed June 12, 2008**

---

This appeal arises out of a petition for civil contempt based on the failure to pay child support. The state, on behalf of the obligee mother, filed this petition for contempt against the obligor father for failure to pay child support. After a hearing, the juvenile court determined that the father was willfully underemployed and in contempt of court. The father filed a petition for a rehearing under the local rules of the juvenile court, seeking to introduce additional evidence on the issue of willful underemployment. The juvenile court treated the father's petition as a motion to alter or amend under the Tennessee Rules of Civil Procedure and found that the father was not entitled to such relief. The father appeals, arguing that he should have been permitted to introduce additional evidence under the applicable juvenile court local rules, and that the juvenile court erred in finding him in contempt. We conclude that the trial court appropriately considered the father's petition as a motion to alter or amend under the Tennessee Rules of Civil Procedure, and that the trial court did not abuse its discretion in the denial of the father's petition, and therefore affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., joined; W. FRANK CRAWFORD, J., did not participate.

Andrew J. Bernstein, Memphis, Tennessee, for the appellant, Napoleon Bryant.

Robert E. Cooper, Jr., Attorney General and Reporter, and Warren Jasper, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee *ex rel.* Harriett Turner.

**OPINION**

Petitioner/Appellee Harriett Turner ("Mother") and Respondent/Appellant Napoleon Bryant ("Father") are the natural parents of Jannay Turner a/k/a Bryant ("Jannay" or "the child"), born September 17, 1988. On July 24, 1990, the child was legitimated, and Father was ordered to pay $105 per month in child support.

Father did not make the court-ordered child support payments. On six different occasions between December 17, 1990, and December 16, 1998, Father was found to be in contempt for failure to pay child support. Between August 1, 1990, and April 17, 2003, nine income assignments were issued to Father's employers.

On September 24, 2004, Father's child support obligation was increased to $203 per month, and he was ordered to pay an additional $50 per month towards his arrearage. By this time, Mother had received public assistance from the State of Tennessee (hereinafter "State") under Title IV-D, so her right to child support was assigned to the State. *See Baker v. State ex rel. Baker*, No. 01A01-9509-CV-00428, 1997 WL 749452, at *3 (Tenn. Ct. App. Dec. 5, 1997). After entry of the order increasing his obligation, Father continued to fail to make the required support payments.

On June 6, 2006, the State, on behalf of Mother, filed a petition for contempt against Father in the Juvenile Court below for his failure to pay child support. On June 19, 2006, Juvenile Court Referee Dan H. Michael ("Judge Michael") held a hearing on the State's petition for contempt. The record on appeal does not include a transcript of this hearing. After the hearing, Judge Michael found that Father was willfully underemployed, that he had failed to demonstrate his inability to pay child support, and consequently that Father was in contempt of court for willful failure to pay child support. Judge Michael ordered that Father be incarcerated in the Shelby County jail until he made a $400 child support payment to purge his contempt. Judge Michael's findings and recommendations were confirmed by the Juvenile Court Judge on the same day.

On June 26, 2006, Father filed a Petition for Rehearing pursuant to Rule 12 of the Rules Regulating Practice and Procedure in the Juvenile Court of Memphis and Shelby County ("Local Rules"). On July 3, 2006, before his petition for rehearing had been resolved, Father filed a notice of appeal with this Court.

On July 12, 2006, Judge Michael dismissed Father's petition for rehearing, finding that the notice of appeal had stripped the Juvenile Court of jurisdiction over the matter. He reasoned that Rule 4(e) of the Tennessee Rules of Appellate Procedure, which would have permitted the Juvenile Court to retain jurisdiction over certain matters, did not apply because Father filed a "petition" rather than a "motion" over which a trial court could retain jurisdiction. *See* Tenn. R. App. P. 4. Accordingly, Judge Michael found that the petition should be dismissed for lack of jurisdiction. The Juvenile Court Judge confirmed Judge Michael's recommendation on the same day, and Father's petition was dismissed.

In light of the Juvenile Court's dismissal of his petition for rehearing, Father filed a motion in this Court to remand the case to Juvenile Court for a ruling on his petition. On August 11, 2006, this Court entered an order on Father's motion to remand. The appellate court concluded that the petition to rehear was in essence a Rule 59.04 motion to alter or amend the judgment, within the purview of Rule 4(e), and that, therefore, the Juvenile Court retained jurisdiction over the petition. Thus, Father's request for a remand was denied because it was unnecessary for the disposition of Father's petition to rehear.

Subsequently, on October 6, 2006, Judge Michael entered findings and recommendations stating that, in light of this Court's order, the matter was "deemed to be in the nature of a Rule 59 Motion to Alter or Amend and not a [Local] Rule 12 Petition for Rehearing," and that Father "would have been entitled to a *de novo* hearing if [Father] had filed for a rehearing under Rule 13 but [Father] failed to do so." Reviewing the matter under a Rule 59.04 standard, Judge Michael concluded that Father had set forth no valid basis for relief. Father sought to submit additional documentary evidence to support his argument, but Judge Michael refused to consider these documents and ordered them stricken from the record. Thus, Father's petition for rehearing was denied. Judge Michael's findings and recommendations were confirmed by the Juvenile Court Judge on the same day.

Father now appeals the Juvenile Court's finding that he was in willful contempt of court as well as its denial of his petition for rehearing. On March 16, 2007, Father filed a notice that no transcript or statement of the evidence would be filed with the appellate court. *See* Tenn. R. App. P. 24(d). Therefore, this appeal must be considered based only on the technical record.

On appeal, Father argues that the Juvenile Court erred in refusing to permit him to introduce additional evidence to support his petition for rehearing.[1] He asserts that nothing in the Juvenile Court Local Rules indicates that a Local Rule 12 petition for rehearing precludes a hearing *de novo*, while a petition for rehearing under Local Rule 13 would warrant such a hearing. Second, he argues that the Juvenile Court erred in finding that he was willfully underemployed and in contempt for failure to pay child support, because he was unable to comply with the child support order under the circumstances.

We review the Juvenile Court's findings of fact *de novo* on the record, presuming those findings to be correct unless the preponderance of the evidence is otherwise. ***State ex rel. Phillips v. Thomason***, No. E2005-00327-COA-R3-JV, 2006 WL 770468, at *2 (Tenn. Ct. App. Mar. 27, 2006). The Juvenile Court's conclusions of law are reviewed *de novo*, with no such presumption of correctness. ***Jahn v. Jahn***, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996); Tenn. R. App. P. 13(d).

We first address Father's argument that the Juvenile Court erroneously declined to permit him to introduce additional evidence to support his petition for rehearing. In his appellate brief, Father's counsel asserts that he re-read the Juvenile Court Local Rules, diligently researched the issue, consulted with several experienced attorneys, and found nothing to support Judge Michael's statement to the effect Father would have been entitled to a trial *de novo* had he filed for a rehearing under Local Rule 13, but because he filed for a rehearing under Local Rule 12, he was not entitled to a *de novo* proceeding.[2] Father notes that, facially, both rules provide for a rehearing, but neither rule states

---

[1]These additional documents have been presented to this Court under seal.

[2]Rule 12 of the Local Rules of the Juvenile Court of Memphis and Shelby County provides:

**PETITIONS FOR REHEARING**
If a rehearing of any decision is sought, a petition for rehearing must be filed with the Clerk of Court within ten (10) days after the entry fo the decree or judgment. Upon good cause shown, the
(continued...)

explicitly whether the rehearing is *de novo.* Citing a "widespread misunderstanding" of these two rules, Father argues, the Juvenile Court should have permitted him to submit additional evidence to support his petition for rehearing.

In response, the State asserts that the Tennessee Rules of Juvenile Procedure were not applicable to the proceedings below and that, therefore, the distinctions between Local Rules 12 and 13 are irrelevant. In support of this position, the State relies on Rule 1(b) of the Tennessee Rules of Juvenile Procedure.

As background, the juvenile courts in Tennessee handle a wide range of cases, and the rules that are applicable vary according to the nature of the proceeding. Rule 1(b) of the Tennessee Rules of Juvenile Procedure provides that the Rules of Juvenile Procedure are applicable in some proceedings, such as those involving children who are alleged to be "delinquent, unruly, dependent and neglected, or abandoned . . . ." Tenn. R. Juv. P. 1(b). In other proceedings, the Tennessee Rules of Criminal Procedure are applicable, such as juvenile traffic offenses or child abuse prosecutions. *Id.* Still other proceedings, such as the termination of parental rights and child custody proceedings, are governed by the Tennessee Rules of Civil Procedure.[3] *Id.* Contempt proceedings, such as those that are the subject of this appeal, are addressed specifically in Rule 1(b) of the Tennessee rules of Juvenile Procedure: "contempt proceedings shall be conducted pursuant to the procedures applicable in courts of general jurisdiction." Chancery court and circuit courts are courts of general jurisdiction, and proceedings in those courts are governed by the Tennessee Rules of Civil Procedure. *See In re D.Y.H*, 226 S.W.3d 327, 330 (Tenn. 2007) (noting that chancery and circuit courts are courts of general jurisdiction); *Stambaugh v. Price*, 532 S.W.2d 929, 932 (Tenn. 1976) (same). Rule 1 of the Tennessee Rules of Civil Procedure states:

---

[2](...continued)
court may extend time limits specified in these rules except those time limits that are statutory. Before being presented to the Court, copies of petitions for rehearing, with any brief in support thereof, must be furnished to adversary counsel, who will be accorded five (5) days within which to answer. Such petitions for rehearing and answers shall be filed and delivered by respective counsel promptly thereafter to the Court without argument. If the Court desires to hear oral argument, counsel will be so notified.

Rule 13 of the Local Rules of the Juvenile Court of Memphis and Shelby County provides:

**REHEARINGS ON MATTERS HEARD BY REFEREE**
The Judge may, on his own motion, order a rehearing of any matter heard by a Referee. Any party may, within five (5) days after the date of the hearing before the Referee, excluding nonjudicial days, file a request for and be allowed a hearing before the presiding judge. Provided, however, that a rehearing will not be allowed in any delinquency or unruly case in which the Referee recommends dismissal after a hearing on the merits. The recommendation of the Referee, in all matters before the Court, shall be the decree of the Court pending a rehearing.

[3]The advisory comment to Rule 1(b) states that the 2006 amendment to the Rule was intended "to ensure that children and their families in specified domestic relations cases pending in the Juvenile Courts enjoy the same procedures, rights, and rules as those children and families have in similar cases pending in Circuit, Chancery, or other courts with concurrent jurisdiction."

Subject to exceptions as are stated in particular rules, the Rules of Civil Procedure shall govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts.

Tenn. R. Civ. P. 1. Thus, the Tennessee Rules of Civil Procedure were clearly applicable to the State's petition for civil contempt against Father.

The post-trial motion filed by Father was styled, "Petition for Rehearing," citing Rule 12 of the Juvenile Court Local Rules. Prior to the adoption of the Tennessee Rules of Civil Procedure, "a 'petition to rehear' was recognized and utilized in courts of equity as a means of obtaining alteration or vacation of a decree." *Mash v. Mash*, No. 88-165-II, 1989 WL 22704, at *2 (Tenn. Ct. App. Mar. 15, 1989). The Tennessee Rules of Civil Procedure, adopted in 1970, provide for certain enumerated post-trial motions, but do not include petitions or motions for rehearing. *Id.* Because courts generally construe motions in accordance with their substance, rather than their title or form, a motion to rehear is considered to be in essence a Rule 59 motion to alter or amend the judgment. *See Bemis Co. v. Hines*, 585 S.W.2d 574, 576 (Tenn. 1979); *see also Starks v. Browning*, 20 S.W.3d 645, 652 (Tenn. Ct. App. 1999).

Thus, when Father filed his "Petition to Rehear" and sought a remand from this Court in order for the Juvenile Court to consider his petition, this Court entered an order stating that it construed Father's petition as a Rule 59 motion, which the Juvenile Court could consider without a remand from the appellate court. *See* Tenn. R. Civ. P. 59. Therefore, the trial court correctly adjudicated Father's petition to rehear as a motion under Rule 59 of the Tennessee Rules of Civil Procedure, and not as a request for rehearing pursuant to the Juvenile Court Local Rules.

We must consider, then, whether the Juvenile Court erred in denying Father's Rule 59 petition to alter or amend and/or for a new trial. A Juvenile Court's decision to deny a Rule 59 motion will be reversed only if there has been an abuse of discretion. *Stovall v. Clark*, 113 S.W.3d 715, 721 (Tenn. 2003).

The Tennessee Rules of Civil Procedure do not provide specific grounds which would justify granting a motion to alter or amend or for a new trial. Tennessee caselaw, however, indicates that a Rule 59 motion may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for *sui generis* reasons, a judgment should be amended to correct a clear error of law or to prevent injustice. *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) (overruled on other grounds). A Rule 59 motion should not be granted when the movant is "simply seeking to relitigate matters that have already been adjudicated." *Id.*

In this case, Father sought to bring to the attention of the Juvenile Court certain facts and documents that had not been presented at the first hearing. In evaluating Father's motion, the Juvenile Court determined that there had been no change in the controlling law, that the "new" evidence Father sought to introduce had been available at the time of trial but was not introduced at that time, that there was no evidence to show a clear error of law, and that it was unnecessary to

amend the judgment of the Juvenile Court to prevent injustice. Therefore, because Father's petition was an attempt to relitigate matters that were already litigated, or could have been litigated, the Juvenile Court concluded that Father's petition should be denied. From our review of Father's petition to rehear, he makes no allegation that the facts argued and the documents he seeks to introduce into evidence were not known and available to him prior to the previous hearing.

Because we do not have a transcript of the former proceedings, we must presume that the Juvenile Court was correct in its assessment that the issues Father seeks to raise were litigated at the first hearing, or that he had an opportunity to raise these issues at the first hearing. *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004). The Juvenile Court had knowledge of the matters presented in the first hearing and addressed Father's petition to rehear in light of the prior proceedings. Thus, it was in the best position to make the assessment regarding whether to consider the "new" evidence. Under all of these circumstances, we find no abuse of discretion in the Juvenile Court's denial of Father's petition for rehearing. This holding pretermits all other issues raised in this appeal.

The decision of the Juvenile Court is affirmed. Costs on appeal are to be taxed to Appellant Napoleon Bryant and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE