# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 22, 2016 Session

## MURRAY OWEN WILHOITE, JR. v. BRENDA RUTH WILHOITE, ET AL.

### Appeal from the Chancery Court for Williamson County
### No. 44827    Joseph A. Woodruff, Chancellor
_____

### No. M2016-00848-COA-R3-CV – Filed September 30, 2016
_____

Husband filed a breach of contract action against his Wife while their divorce was pending. When the parties settled the divorce, Husband voluntarily dismissed his breach of contract action. Husband later filed a motion to reinstate his breach of contract action against Wife, which the trial court denied. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which W. NEAL MCBRAYER and BRANDON O. GIBSON, JJ., joined.

Murray Owen Wilhoite, Jr., Nashville, Tennessee, Pro Se.

Joseph P. Rusnak, Nashville, Tennessee, for the appellee, Brenda Ruth Wilhoite.

John M. Milazo, Franklin, Tennessee, Pro Se[1]

### MEMORANDUM OPINION[2]

_____

[1] Mr. Milazo did not file a brief to this Court. Instead, he filed a notification that he joined in Wife's brief.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

The underlying dispute began with a divorce action filed by Defendant/Appellee Brenda Ruth Wilhoite ("Wife") against Plaintiff/Appellant Murray Owen Wilhoite, Jr., ("Husband") in Williamson County Chancery Court on May 4, 2011 ("divorce action"). On February 8, 2013, Wife filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee ("bankruptcy case"). Pursuant to bankruptcy law, a bankruptcy petition typically stays any action against the debtor or property belonging to the debtor or the bankruptcy estate. *See Nye v. Bayer Cropscience, Inc.*, 347 S.W.3d 686, 695 (Tenn. 2011) (noting that there are "narrowly defined exceptions") (citing 11 U.S.C. § 362). On January 11, 2016, Husband filed a breach of contract action ("breach of contract action") against Wife and John M. Milazo, Wife's divorce counsel, also in Williamson County Chancery Court. In addition to breach of contract, the complaint alleged causes of action of conversion, intentional misrepresentation, breach of fiduciary duty, and tortious interference. The complaint sought compensatory damages of $2,433,000.00.

Although the divorce complaint had been pending for nearly four years, a flurry of activity occurred on February 8, 2016, ultimately resulting in this appeal. First, mediation between Husband and Wife in the divorce action was held on February 8, 2016. At the time of the mediation, both the divorce and the breach of contract actions described above were pending in chancery court. On the same day, mediation produced a proposed settlement, including an agreement to waive and release all claims against the other party existing as of February 8, 2016 ("mediated agreement"). The parties apparently immediately presented their mediated agreement to Chancellor Michael Binkley on the afternoon of February 8, 2016. As a result, Chancellor Binkley entered a final decree of divorce incorporating the parties' mediated agreement into a marital dissolution agreement ("MDA") on the afternoon of February 8, 2016. An agreed order of dismissal of the breach of contract action was also filed on the same day, dismissing the breach of contract action with prejudice. Thus, on February 8, 2016, all the disputes between the parties in Williamson County Chancery Court had been resolved by order of the court.

Meanwhile, on the same day, before the mediation had been completed or any order entered as a result, Wife's bankruptcy counsel ("bankruptcy counsel") purportedly filed an adversary proceeding against Husband in the bankruptcy case for damages and attorney's fees, alleging that Husband willfully violated the automatic stay by filing the breach of contract action against Wife.[3] Apparently, bankruptcy counsel was unaware that the parties had reached agreements in both the divorce action and the breach of contract action on the same day an adversary proceeding was filed against Husband. At

---

[3] We take these allegations from the parties' briefs, as the bankruptcy complaint against Husband is not contained in the record on appeal.

- 2 -

oral argument, however, the parties stipulated that the adversary proceeding was ultimately dismissed.

On March 8, 2016, Husband filed a motion under Rule 60.02 of the Tennessee Rules of Civil Procedure to void the agreed order of dismissal and to reinstate his breach of contract action. Specifically, Husband alleged that Wife and Mr. Milazo "fraudulently misrepresent[ed] the purpose and intent of a settlement agreement to cease and dispense with all litigation" by not disclosing that bankruptcy counsel was filing an adversary proceeding against him on that same day. Husband further alleged that although the total marital property was valued at $2,250,000.00 after forty-five years of marriage, he received a mere $46,000.00, a distribution that was not "[f]air and [e]quitable" as erroneously found by Chancellor Binkley. As evidenced by the argument above, Husband's motion took issue with events in the divorce action, despite the fact that the motion was only filed in the breach of contract action. Husband asserted that two separate motions for disqualification were pending before Chancellor Binkley at the time the order was entered dismissing the breach of contract action. Husband, therefore, asserted that it was improper for Chancellor Binkley to sign the order of dismissal. Husband's March 8, 2016 motion was set for hearing on April 1, 2016.

On May 24, 2016, Chancellor Joseph A. Woodruff ("trial court") entered an order vacating the hearing set for Husband's motion and denying relief under Rule 60.02. The trial court found that the motion was without merit because it was "unverified and unsupported with any evidentiary material" as required by the Williamson County Local Rules. The trial court further found that "even if [it] were to consider the unsworn averments in [Husband]'s motion on their merits, [the trial c]ourt does not find that [Husband] has made a *prima*[ *facie*] showing of facts sufficient to state a claim that the February 8, 2016 order of voluntary dismissal was procured by fraud or misconduct by [Wife and Mr. Milazo]." Husband timely appealed.

**Issues**

Husband raises four issues on appeal, which we have taken, and slightly restated, from his brief:

> 1. Whether the trial court violated the civil rights of the Husband (right to self-representation, right to be heard before an unbiased tribunal, right to procedural due process, right to be secured from unreasonable search and seizure)?
> 2. Did Chancellor Binkley abuse his discretion by ruling on a case before and while a timely filed Motion of Disqualification stood unanswered before the Judge?

3.    Did Chancellor Binkley err by signing an order of dismissal purporting to include the dismissal of a case filed and entered in the Bankruptcy Court for the Middle District of Tennessee?

4.    Did Chancellor Binkley abuse his discretion by finding the MDA to be "Fair and Equitable"?

## Discussion

As an initial matter, we note that Husband appears before this Court pro se, as he did in the trial court. It is well-settled that pro se litigants must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). We keep these principles in mind in considering this appeal, specifically with regard to the deficiencies in Husband's appellate brief.

Rule 27(a) of the Tennessee Rules of Appellate Procedure outlines the requirements for briefs filed by appellants in Tennessee appellate courts. Husband's brief complies with Rule 27(a) in most respects save one: his brief contains no citation to the appellate record. Pursuant to Rule 27(a), both an appellant's statement of facts and argument sections must contain appropriate references to the appellate record:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> * * *
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a). As previously discussed, pro se parties are not excused from complying with the Tennessee Rules of Appellate Procedure. *See Jackson*, 2011 WL 3566978, at *3. We note, however, that Husband substantially complied with the requirements of Rule 27(a). Furthermore, the entire record on appeal consists of only thirty-five pages of technical record. Because Husband's failure to comply with Rule 27(a) places only a minimal burden on this Court and his opponent, we will exercise our discretion to consider the merits of his case despite the deficiencies in Husband's appellate brief. *See* Tenn. R. App. P. 2 (allowing this Court to suspend the Tennessee Rules of Appellate Procedure "[f]or good cause").

As we perceive it, Husband's first issue concerns the trial court's decision to dismiss his motion to void judgment without a hearing, which he argues denied him of basic constitutional rights. Here, the trial court dismissed Husband's motion because it failed to comply with Williamson County Local Rules pertinent to applications for extraordinary relief.[4] Motions pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure are generally cited as the basis for requests for extraordinary relief. *See, e.g.*, *Tomlin v. Baxter*, No. M2014-01746-COA-R3-CV, 2015 WL 7749064, at *7 (Tenn. Ct. App. Nov. 30, 2015) (referring to motions pursuant to Rule 60.02 as "the motion for extraordinary relief"). Indeed, Husband cites Rule 60.02 as the basis for his motion. Tennessee courts judge motions, however, "by their substance rather than their form." *Discover Bank v. Morgan*, 363 S.W.3d 479, 491 n.20 (Tenn. 2012) (citing *Tenn. Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998); *Bemis Co. v. Hines*, 585 S.W.2d 574, 575–76 (Tenn. 1979)). Here, Husband filed his motion on March 8, 2016, to set aside the trial court's order, less than thirty days after it was entered on February 8, 2016. Accordingly, Husband's motion was properly brought under Rule 59.04,[5] rather than Rule 60.02.[6] *See Discover Bank v. Morgan*, 363 S.W.3d 479, 489

---

[4] Local Rule 5.03(a), in relevant part, provides that "[a]ll motions . . . together with all affidavits, sworn income and expense statements, depositions, briefs and other matters presented in support of the motion, must be filed and served by personal delivery at least fourteen (14) days prior to the date set for the hearing on the motion." Local Rule 15.02 provides that "applications for . . . extraordinary interlocutory relief shall be heard upon sworn pleadings or affidavit and/or deposition unless a party, prior to the time of the hearing, requests and obtains permission of the court for the introduction of oral testimony . . . ."

[5] Rule 59.04 provides that "[a] motion to alter or amend a judgment shall be filed and served

(Tenn. 2012) (characterizing a Rule 60.02 motion as one where a party "seek[s] relief . . . more than thirty days after entry of a final judgment"); **Campbell v. Archer**, 555 S.W.2d 110, 112 (Tenn. 1977) ("The function of [Rule 60] is to give relief from final judgments; Rule 59 . . . is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet become final."); **Stricklin v. Stricklin**, 490 S.W.3d 8, 18 (Tenn. Ct. App. 2015) ("Because [father's] motion was filed within thirty days from the entry of the . . . order, we regard his motion as a request for relief under Rule 59.") (citing **Campbell**, 555 S.W.2d at 112); *see also* **Ferguson v. Brown**, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008) ("Rule 60.02 affords a party a means to seek relief from a final, non-appealable judgment."). *But see* **Smith v. Haley**, No. E2000-001203-COA-R3-CV, 2001 WL 208515, at *5 (Tenn. Ct. App. Mar. 2, 2001) ("[Rule 59.04] applies to final judgments."). As previously discussed, the Local Rule cited by the trial court as a basis for dismissal applies only to extraordinary relief. While Rule 60.02 motions are frequently characterized as seeking extraordinary relief, our research has revealed no cases in which a Rule 59.04 motion was described as extraordinary. As such, the Local Rules are not a sufficient justification for dismissal of Husband's Rule 59.04 motion.

Typically, our determination that the trial court applied an incorrect standard in dismissing Husband's motion would lead us to vacate the trial court's judgment and remand for reconsideration under the appropriate standard. Our inquiry does not end in this case, however, because the trial court posited an alternative basis for the motion's dismissal. According to the trial court, even if it were to consider the merits of Husband's motion, Husband failed to make a prima facie showing of facts to state a claim that the agreed order of dismissal entered into by Husband and Wife pursuant to the mediated agreement was procured by fraud. On appeal, rather than addressing the merits of the trial

---

within thirty (30) days after the entry of the judgment."

[6] Rule 60.02 provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion.

court's order, Husband's sole argument regarding the trial court's order was whether he was entitled to a hearing prior to his motion's adjudication. It is well-settled, however, that "[p]arties are not necessarily entitled to present oral argument regarding their [Rule] 59 motions." *Savage v. Hildenbrandt*, No. M1999-00630-COA-R3-CV, 2001 WL 1013056, at \*15 (Tenn. Ct. App. Sept. 6, 2001); *see also Custom Built Homes v. G.S. Hinsen Co.*, No. 01A01-9511-CV-00513, 1998 WL 960287, at \*5 (Tenn. Ct. App. Feb. 6, 1998) ("The Tennessee Rules of Civil Procedure do not give litigants a right to insist on oral argument prior to the submission and determination of motions. . . . [O]ral argument in most cases serves mainly to restate points already made in [a properly prepared] motion and supporting memorandum of law."). The trial court's failure to provide Husband a hearing on his motion, standing alone, is therefore not a basis to reverse or vacate the trial court's denial of his motion to void judgment.

Husband next argues that his constitutional due process rights were violated when Chancellor Binkley proceeded to rule on his case despite two pending motions to recuse. Judicial recusal is governed by Tennessee Supreme Court Rule 10B. Section 1.02 of Rule 10B provides that, "[w]hile the [recusal] motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." Accordingly, we agree with Husband that it is generally inappropriate for a trial court to rule on the merits of a case while a recusal motion is pending. *See Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, at \*7 (Tenn. Ct. App. May 28, 2015) (vacating the trial court's order because it was entered while a recusal motion was pending); *Rodgers v. Sallee*, No. E2013-02067-COA-R3-CV, 2015 WL 636740 (Tenn. Ct. App. Feb. 13, 2015) (same). *But see Conservatorship of Tate*, No. M2012-01918-COA-10B-CV, 2012 WL 4086159 (Tenn. Ct. App. Sept. 17, 2012) (declining to vacate an order entered while a recusal motion was pending because the trial court ultimately correctly denied the motion to recuse).

In this case, however, there is simply no support in the appellate record that Husband ever filed a motion to recuse Chancellor Binkley. As previously discussed, the sparse appellate record in this case consists of only thirty-five pages of technical record, none of which contains any motions for disqualification. Husband, as the appellant, had the duty of preparing a complete record for this court to provide a meaningful review of the issues. Tenn. R. App. P. 24(b) ("[T]he appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal."); *see also McAllister v. Rash*, No. E2014-01283-COA-R3-CV, 2015 WL 3533679 at \*8 (Tenn. Ct. App. June 5, 2015), *perm. app. denied* (Tenn. Oct. 16, 2015); ("It is well-settled that it is the appellant's duty to prepare a record for our review that includes everything contained in the trial court record that is necessary for our examination of the issues presented on appeal."). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review,

or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." ***State v. Ballard***, 855 S.W.2d 557, 560–61 (Tenn. 1993). Because no recusal motions are contained in the record on appeal, we cannot conclude that Chancellor Binkley erred in ruling on the merits of the case while recusal motions were pending.

Husband next asserts that Chancellor Binkley erred by signing an order that purported to dismiss the adversary proceeding. Husband, however, failed to address this argument in any fashion in the argument section of his appellate brief. "[A]n issue is waived where it is simply raised without any argument regarding its merits." ***Bean v. Bean***, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (citing ***Blair v. Badenhope***, 940 S.W.2d 575, 576–577 (Tenn. Ct. App. 1996); ***Bank of Crockett v. Cullipher***, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988)). "This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter[,] consider issues raised but not argued in the brief." ***Id.*** This issue is therefore waived. Furthermore, the agreed order of dismissal of Husband's breach of contract action does not dismiss the adversary proceeding as Husband claims. The order at issue only contains the following language:

> It appearing to the [c]ourt that the parties are in agreement, as evidenced by the signatures of the parties and Counsel below, it shall be the Order of this [c]ourt that this [breach of contract] matter is dismissed with prejudice. It is further the Order of this [c]ourt that any unpaid court costs shall be taxed jointly and severally to [Wife and Wife's counsel].

Lastly, Husband asserts that Chancellor Binkley "abuse[d his] discretion by finding [that] the [MDA was] [f]air and [e]quitable." Husband's argument is misplaced. Husband filed his motion to void judgment in the breach of contract action rather than the divorce. Any challenge to the divorce action order, which was a final judgment in the divorce proceedings, should have been brought by direct appeal. If Husband asserts that fraud or some other cause exists for setting aside the divorce decree, a Rule 60 motion filed in that case would be the proper action. *See generally* Tenn. R. Civ. P. 60.02. This appeal was taken from the breach of contract proceeding, which was a separate proceeding. *See **In re Jimmy B.***, No. E2015-02070-COA-R3-PT, 2016 WL 2859180, at *6 (Tenn. Ct. App. May 11, 2016) (declining to entertain father's collateral attack of the juvenile court's dependency and neglect order in the termination of father's parental rights proceeding because they are "separate proceeding[s]"). Accordingly, Husband cannot collaterally attack the final divorce order on this appeal.[7] Husband's argument is, respectfully, without merit.

---

[7] We also note, that even if we were to entertain Husband's collateral attack of the final divorce decree, Husband has failed to provide this Court with an appropriate record from which to review this issue. Indeed, although Husband takes issue with the final divorce decree, this document is not contained in the record on appeal. While Wife has attached what purports to be the final decree as an exhibit to her

**Conclusion**

The judgment of the Williamson County Chancery Court is affirmed. Costs of this appeal are taxed to Appellant, Murray Owen Wilhoite, Jr., and his surety, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

brief, we may not consider documents merely attached to briefs that were not properly made a part of the record in the trial court or supplemented on appeal. *See* **Carney v. State**, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at *4 (Tenn. Crim. App. Oct. 17, 2007) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal") (internal citation omitted); **Forrest v. Rees**, No. 01C01-9411-CC-00387, 1996 WL 571765, at *3 (Tenn. Crim. App. Oct. 8, 1996) (stating that "attachments to briefs are not evidence and will not be considered by the appellate courts"); **Pinney v. Tarpley**, 686 S.W.2d 574, 579 (Tenn. Ct. App. 1984) (stating that "[m]erely attaching a document to a pleading does not place that document in evidence").