FILED

November 7, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:11 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Louis Garassino | ) | Docket No. 2014-07-0013 |
| | ) | |
| v. | ) | |
| | ) | State File No. 79380-2014 |
| Western Express, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua Davis Baker, Judge | ) | |

---

**Affirmed in Part, Reversed and Modified in Part,
and Certified as Final – Filed November 7, 2016**

---

The employee sought permanent disability benefits as a result of a work-related back injury. Following a compensation hearing, the trial court awarded permanent disability benefits based on the impairment rating of the employee's medical expert, concluding the employee rebutted the presumption of correctness applicable to the opinion of the authorized physician. The trial court also awarded the employee discretionary costs, including costs related to the examination by his medical expert and costs related to procuring the testimony of his medical expert. The employer did not appeal the compensation hearing order. However, prior to the expiration of thirty days after issuance of the compensation hearing order, the employee filed a motion for discretionary costs and the employer filed a response in opposition to the motion. The trial court conducted another hearing and issued an order awarding the requested discretionary costs. The employer has appealed that order. We conclude that the trial court erred in awarding as discretionary costs the fees of the employee's medical expert for reviewing medical records and conducting a physical examination of the employee. Thus, we affirm in part, reverse and modify in part, and certify as final the trial court's compensation hearing order as modified.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

1

D. Andrew Saulters, Nashville, Tennessee, for the employer-appellant, Western Express, Inc.

Julie A. Reasonover, Nashville, Tennessee, for the employee-appellee, Louis Garassino

**Factual and Procedural Background**

Louis Garassino ("Employee"), a resident of Stewart County, Tennessee, worked for Western Express ("Employer") as a truck driver. On July 3, 2014, he suffered an injury arising primarily out of and within the course and scope of his employment when he felt a pop in his low back while turning a crank to lower trailer legs. He received authorized medical treatment from Dr. Robert Weiss, who assigned a permanent medical impairment rating of six percent to the whole body. Employee sought an expert medical opinion from Dr. David West, who reviewed Employee's medical records, conducted a physical examination, and assigned a permanent medical impairment rating of thirteen percent to the whole body.

Following a compensation hearing, the trial court concluded that Dr. Weiss incorrectly calculated the impairment rating and that Dr. West's testimony was more persuasive on the issue of permanent medical impairment. In its compensation hearing order, issued on June 3, 2016, the trial court awarded permanent disability benefits based on Dr. West's impairment rating and also stated:

> The Court further exercises its discretion pursuant to Tennessee Code Annotated section 50-6-239(c)(8) (2015) to award any and all costs related to Dr. West's examination of [Employee] and the costs incurred in securing his testimony via deposition.

Thereafter, Employer satisfied the terms of the compensation order with the exception of Dr. West's fees for reviewing medical records and conducting the physical examination of Employee. On June 15, 2016, Employee filed a motion for discretionary costs seeking an order compelling Employer to pay Dr. West's "chart review and IME" fees in the amount of $1,000.00. On June 20, 2016, Employer filed a response to the motion, arguing "it is the long established rule in Tennessee that the fee for examination or review of records is not a recoverable discretionary cost." After conducting another hearing on August 2, 2016, the trial court issued an order on August 8, 2016, granting Employee's motion for the disputed costs. Employer filed a notice of appeal on August 9, 2016.

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and

conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

> (A) Violate constitutional or statutory provisions;
> (B) Exceed the statutory authority of the workers' compensation judge;
> (C) Do not comply with lawful procedure;
> (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
> (E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). As to discretionary costs, a trial court's determinations will be upheld unless its decision constitutes an abuse of discretion. "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

**Analysis**

*Timeliness of Appeal*

Because the timeliness of this appeal potentially pretermits all other issues, we address first whether Employer's August 9, 2016 notice of appeal, filed one day after the trial court's issuance of an order granting Employee's motion for discretionary costs, but sixty-seven days after the trial court's issuance of its compensation order, was timely.

The Tennessee Workers' Compensation Law requires a party seeking to appeal a compensation order to file a notice of appeal "[w]ithin thirty (30) calendar days after issuance of" the order. Tenn. Code Ann. § 50-6-217(a)(2)(B) (2016). However, because hearings conducted in the Court of Workers' Compensation Claims are generally subject to the Tennessee Rules of Civil Procedure, *see* Tenn. Code Ann. § 50-6-239(c)(1), there are certain circumstances enumerated in Rule 59.01 of the Tennessee Rules of Civil Procedure that can extend the deadline for filing a notice of appeal. Rule 59.01 provides as follows:

> Motions to which this rule is applicable are: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend

3

the judgment. *These motions are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process.*

Tenn. R. Civ. P. 59.01 (emphasis added). Therefore, since Employer's notice of appeal was not filed until sixty-seven days after the compensation hearing order was issued, this appeal is not timely unless Rule 59.01 extended the deadline for filing a notice of appeal.

Tennessee Rule of Civil Procedure 52.02, which is enumerated in Rule 59.01 as a basis for extending the deadline to file a notice of appeal, provides that "[u]pon motion of a party made not later than 30 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly." In *Meador v. Johnson*, No. 03A01-9510-CH-00362, 1997 Tenn. App. LEXIS 72 (Tenn. Ct. App. Feb. 3, 1997), the Court of Appeals addressed the applicability of this rule and the timeliness of a notice of appeal. The trial court in *Meador* entered an order granting summary judgment in favor of the defendants and dismissed the case. *Id.* at *3. On the same day the trial court's order was entered, the plaintiffs filed a motion asking the court to make findings of fact and conclusions of law, but did not specify a particular rule of civil procedure supporting the motion. *Id.* Upon consideration of this motion, the trial court ordered the parties to present proposed findings of fact and conclusions of law. *Id.* However, prior to the time the trial court acted upon any party's proposed findings of fact and conclusions of law, but more than thirty days after entry of the order granting summary judgment, the plaintiffs filed a notice of appeal. *Id.* at *4. The issues on appeal were twofold: first, was the trial court required to comply with Rule 52.01 and/or Rule 52.02 when granting summary judgment and, (2) if so, was the plaintiffs' deadline to file the notice of appeal extended by the filing of the motion asking the court to make findings of fact and conclusions of law.

The Court of Appeals in *Meador* first concluded that a trial court is not required to make findings of fact and conclusions of law at the summary judgment stage. *Id.* at *7. Despite reaching that conclusion, however, the Court of Appeals considered whether, if a trial court were required to make such findings at the summary judgment stage, the filing of the plaintiffs' motion extended the deadline for filing the notice of appeal. *Id.* at *8. The Court first analyzed whether the plaintiffs' motion, though not citing a specific rule, was more properly considered a motion under Rule 52.01, which does not extend the deadline for the filing of a notice of appeal, or Rule 52.02, which does extend the appeal deadline. *Id.* at *8-9. The Court noted that "it is well-settled law that on motions, the court will 'look to substance rather than form.'" *Id.* at *9 (quoting *Bemis Co., Inc. v. Hines*, 585 S.W.2d 574, 576 (Tenn. 1979)). It then concluded that the motion fell within the purview of Rule 52.01, which did not extend the plaintiffs' deadline for filing a notice of appeal, and dismissed the appeal as untimely. *Id.*

4

In the present case, the trial court entered its compensation hearing order on June 3, 2016, requiring the employer to pay, among other things, "any and all costs related to Dr. West's examination of Mr. Thomas [sic] and the costs incurred in securing his testimony via deposition."[1] However, the phrase "any and all costs related to Dr. West's examination" is ambiguous given that it does not address whether Employee was entitled to Dr. West's fee for reviewing medical records in preparation for his examination of Employee, which is a specific item of cost sought by Employee.

This ambiguity is further evidenced by the fact that a dispute arose soon after the compensation order was issued concerning the amount of costs recoverable under the terms of the trial court's order. It is undisputed that Employer satisfied the terms of the compensation order with the exception of certain costs. Within thirty days after issuance of the trial court's order, Employee filed a motion for discretionary costs, alleging he was entitled to Dr. West's fees for "chart review and IME" in the amount of $1,000.00.

On June 20, 2016, still within the thirty-day period following entry of the compensation hearing order, Employer filed a response to the motion, arguing that Dr. West's fees for review of medical records and his physical examination of Employee were not recoverable discretionary costs under Tennessee's Workers' Compensation Law and/or Rule 54.04. Thereafter, the trial court scheduled a hearing on Employee's motion for discretionary costs, which was conducted on August 2, 2016. It then issued an order containing additional findings of fact and conclusions of law as to why it believed Employee was entitled to recover Dr. West's fees for reviewing medical records and completing a physical examination of Employee as part of discretionary costs.

Under these circumstances, and looking to substance over form, we conclude that Employee's motion for discretionary costs and Employer's response in opposition to this motion sought additional findings of fact and conclusions of law pursuant to Rule 52.02 concerning whether Dr. West's fees for reviewing medical records and conducting a physical examination of Employee were recoverable costs. Both the parties and the trial court treated the issue as unresolved, and a subsequent hearing was conducted to address the dispute. The trial court then issued another order that included additional findings of fact and conclusions of law not contained in the previous order. Having concluded that Employee's motion was filed in accordance with Rule 52.02, the deadline for filing a notice of appeal was extended until after the issuance of the trial court's order resolving the motion as provided for in Rule 59.01. Thus, Employer's August 9, 2016 notice of appeal was timely.

---

[1] The trial court inadvertently referred to Employee as "Mr. Thomas" in this paragraph of the order.

5

*Recoverable Discretionary Costs*

There are several provisions in the Tennessee Workers' Compensation Law and the Tennessee Rules of Civil Procedure addressing fees and costs of physicians, hospitals, court reporters, and attorneys, as well as other discretionary costs. Two such provisions are relevant to the present case. First, Tennessee Code Annotated section 50-6-239(c)(8) authorizes a trial court, in its discretion, to "assess *discretionary costs* including reasonable fees for depositions of medical experts against the employer upon adjudication of the employee's claim as compensable." (Emphasis added.) Second, Tennessee Rule of Civil Procedure 54.04 provides:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. *Discretionary costs allowable are*: reasonable and necessary court reporter expenses for depositions or trial, reasonable and necessary *expert witness fees for deposition (or stipulated reports) and for trials*, reasonable and necessary interpreter fees . . ., and guardian ad litem fees; travel expenses are not allowable discretionary costs.

Tenn. R. Civ. P. 54.04 (emphasis added). The term "discretionary costs" is defined in neither the definitions section of the Tennessee Workers' Compensation Law found at Tennessee Code Annotated section 50-6-102, nor the Bureau of Workers' Compensation's Mediation and Hearing Procedures, Tenn. Comp. R. & Regs. 0800-02-21 (2015). Thus, we must look to other applicable law to define this term. Because Tennessee Code Annotated section 50-6-239(c)(1) specifies that the Tennessee Rules of Civil Procedure "shall govern proceedings at all hearings" in the Court of Workers' Compensation Claims, the description of discretionary costs contained in Rule 54.04 is controlling.

Simply put, neither Tennessee Code Annotated section 50-6-239(c)(8) nor Rule 54.04 includes within the enumeration of recoverable discretionary costs the fees of a non-treating physician for reviewing medical records or conducting a physical examination of an employee for the purpose of offering expert opinion testimony. It is not the role of the courts to expand the ordinary meaning of or add to the plain language of the statute or rules. *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 420 (Tenn. 2013). If the legislature had intended for a prevailing employee to be able to recover physicians' fees for reviewing medical records and conducting physical examinations for the purpose of offering expert opinion testimony, it could have included such language in the statute. Accepting Employee's position that the trial court correctly awarded the costs at issue would require us to read provisions into the law that are not there. This we cannot do. *See Keen v. State*, 398 S.W.3d 594, 604 (Tenn. 2012) ("The Court will decline to 'read in' language into [a] statute that the General Assembly did not place there.").

The trial court determined that "[a]n employee's only avenue to challenge an inaccurate rating lies in securing contrary expert medical proof," and that the examination of an employee by his or her chosen medical expert "is an integral part of securing the rating." It then concluded that to require an employee to pay for the medical records review and examination fees of its own expert would "place an unfair burden on the employee," a rationale Employee echoes on appeal. However, such arguments, regardless of how reasonable or unreasonable they may be, are better suited for the legislature, for it is the role of the legislature, not the courts, to enact laws effectuating public policy. By contrast, our role, when the language of a statute or rule is clear and unambiguous, is to construe and apply the statute or rule as written. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011). Thus, we conclude the trial court erred in awarding the fees of Employee's medical expert for reviewing medical records and conducting a physical examination.

## Conclusion

We conclude pursuant to Tennessee Code Annotated section 50-6-217(a)(3) that the trial court exceeded its statutory authority and abused its discretion in awarding fees of Employee's medical expert for reviewing medical records and conducting a physical examination. Consequently, the trial court's August 8, 2016 order granting Employee's motion for discretionary costs is reversed, and the trial court's compensation hearing order is modified consistent with this opinion. All other findings of the trial court as reflected in its June 3, 2016 compensation order are affirmed and the compensation order, as modified, is certified as final.



**FILED**

**November 7, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:11 P.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Louis Garassino | ) | Docket No. 2014-07-0013 |
| | ) | |
| v. | ) | |
| | ) | State File No. 79380-2014 |
| Western Express, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Julie A. Reasonover | | | | | X | julie@jstillman.com |
| D. Andrew Saulters | | | | | X | dsaulters@ortalekelley.com |
| Joshua Davis Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov